# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
p.o. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
(302) 778-8407

Email
halkowski@fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

September 28, 2007

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:   *Callaway Golf Company v. Acushnet Company*
      USDC-D. Del. - C.A. No. 07-367 (SLR)

Dear Judge Robinson:

Enclosed is the pretrial schedule reached by the parties subsequent to the teleconference with the Court in this matter on August 16, 2007.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH/JRM

Enclosure

cc   David E. Moore, Esq. (w/enc.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>    v.<br><br>ACUSHNET COMPANY,<br><br>         Defendant. | C. A. No. 07-367 (SLR) |

**[PROPOSED] PRETRIAL SCHEDULING ORDER**

At Wilmington this _____ day of _____, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. On September 12, 2007 the parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a)    Discovery will be needed on at least the following subjects: prosecution of the patents-in-suit, documents and depositions related to prior art asserted, research and development of the accused products, features and operation of the accused products, the roles of Laurent C. Bissonette, Nicholas M. Nardacci, and Raymond L. Poyner (the named inventors for Acushnet's patents-in-suit) at Acushnet, and the role of Dr. John B. Kosmatka (named inventor for Callaway Golf's patents-in-suit) at Callaway Golf, commercial success of products covered by the patents-in-suit, and sales and marketing of products covered by the patents-in-suit.

    (b) All fact discovery shall be commenced in time to be completed by August 29, 2008.

      (1) Document production shall be completed on or before March 21, 2008.

      (2) Maximum of thirty (30) interrogatories by each party to any other party.

      (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      (4) Maximum of fifty (50) requests for admission by each party to any other party.

      (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      (7) Maximum of ninety-five (95) hours for fact depositions for each party.

    (c) Expert discovery shall be commenced in time to be completed by November 21, 2008.

      (1) Expert reports on issues for which the parties have the burden of proof due September 26, 2008.  Rebuttal expert reports due October 30, 2008.

2

    (2) Expert depositions to be limited to a maximum of (10) hours for damages experts, ten (10) hours per infringement expert and fourteen (14) hours per invalidity expert unless extended by agreement of the parties.

    (3) All <u>Daubert</u> motions shall be filed on or before December 5, 2008.

  (d) If willfulness has been asserted and absent agreement among the parties, each party must inform the other as to whether it intends to rely on advice of counsel by May 2, 2008. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by the respective party to its counsel and whatever other materials related to the issues in dispute that the respective party had in its possession at the time the advice was sought.

  (e) Supplementations under Rule 26(e) are due every month starting from October 15, 2007 to 30-days before trial.

  (f) **Discovery Disputes**.

    (1) The court shall conduct an in-person discovery status conference on February 19, 2008 at 4:30 p.m., the time to be allocated equally among the parties. **No motion to compel or motions for protective order shall be filed absent approval of the Court.**

    (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R Civ. P. 37 shall be filed.

  (g) **Fact Witnesses to be Called at Trial.**

3

Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. Any motion to amend the pleadings to add an inequitable conduct allegation shall be filed on or before June 27, 2008. All other motions to join other parties and amend the pleadings shall be filed on or before January 30, 2008.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, on July 25, 2008 the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before January 16, 2009. Briefing shall be pursuant to D.

Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

       7.     **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

       The parties shall agree upon and file the Joint Claim Construction Statement on December 5, 2008 with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on January 16, 2009.  Simultaneous response briefs should be filed by February 6, 2009.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s).  The hearing on the claim construction and motion(s) for summary judgment will be heard on March 6, 2009 at 10:00 a.m.

       8.     **Applications by Motion**.  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

       **(a)**     **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

       (b)     No telephone calls shall be made to chambers.

       (c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine**. **No** motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on April 30, 2009 at 4:30 p.m. in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a 2-week jury trial commencing on May 18, 2009 in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Sue L. Robinson
United States District Judge