IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-367-SLR |
| v. | ) |
| | ) |
| ACUSHNET COMPANY, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

### NOTICE OF SUBPOENA AD TESTIFICANDUM AND DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Acushnet Company will serve the attached subpoena and accompanying Schedules A and B on United States Golf Association, 77 Liberty Corner Road, Fair Hills, New Jersey, 07931-0807. Please be advised that the examination will be conducted before a person duly authorized and will be recorded by stenographic and videographic means. The examination will commence on February 18, 2008 at Holland and Knight LLP, 195 Broadway, 24th Floor, New York, New York, 10007, or at such other time and place as agreed to by the parties. You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joshua C. Krumholz
Thomas M. Johnston
HOLLAND & KNIGHT LLP
10 St. James Avenue 11th Floor
Boston, MA 02116
Tel: (617) 573-5820

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: January 16, 2008
842853 / 31957

*Attorneys for Defendant Acushnet Company*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | SOUTHERN DISTRICT OF | NEW YORK |
|---|---|---|

| CALLAWAY GOLF COMPANY | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR<br>Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO:  **United States Golf Association**
　　　77 Liberty Corner Road
　　　Far Hills, N.J. 07931-0807

☐　YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Holland and Knight LLP**<br>195 Broadway, 24th Floor<br>New York, NY 10007<br>See Appendix A for Instructions and Topics for Examination | February 18, 2008<br><br>To be recorded by stenography and videotape. |

☒　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

See Appendix B

| PLACE | DATE AND TIME |
|---|---|
| **Holland and Knight LLP**<br>195 Broadway, 24th Floor<br>New York, NY 10007 | February 1, 2008 |

☐　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Joshua C. Krumholz, Attorney for Defendant Acushnet Company | January 16, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joshua C. Krumholz, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**PROOF OF SERVICE**

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                    DATE                                                    SIGNATURE OF SERVER

                                                                            _____
                                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, the United States Golf Association ("USGA") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. The USGA may set forth, for each person designated, the matters on which the person will testify.

### TOPICS FOR EXAMINATION

1. Testing by the USGA of the frequency of the golf club head or golf club head striking plate of any club manufactured or provided to the USGA prior to March 14, 2000, or comes from a product line first offered to the public prior to March 14, 2000, where the golf club head or golf club head striking plate evidences a frequency within a range of 2800 Hz to 8500 Hz.

2. The USGA's decision to develop a test for determining compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf, including but not limited to all non-confidential communications, memoranda, visits, meetings and public forums concerning that decision.

3. The introduction of thin-faced drivers, or drivers with a "spring-like" effect, into the marketplace.

4. The design, development and implementation of tests or methods for measuring compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf, including but not limited to (1) the "Procedure for Measuring the Velocity Ratio of a Club Head for Conformance to Rule 4-1(e), Appendix II (Rev. 2, 1999)"; and (2) the Pendulum Test, including but not limited to all non-confidential communications, memoranda, visits, meetings and public forums concerning that decision.

5. All work performed by outside experts or consultants for the USGA relating to tests or methods for measuring compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf, including but not limited to (1) the "Procedure for Measuring the Velocity Ratio of a Club Head for Conformance to Rule 4-1(e), Appendix II (Rev. 2, 1999)"; and (2) the Pendulum Test.

6. All communications between the USGA and the Royal & Ancient relating to (1) thin-faced clubs, (2) the "spring like" effect of clubs, (3) the coefficient of restitution of club heads or club head striking plates, and/or (4) the frequency of club heads or club head striking plates.

7. All non-confidential communications between the USGA and Callaway regarding (1) thin-faced clubs, (2) the "spring like" effect of clubs, (3) the coefficient of restitution of club heads or club head striking plates, and/or (4) the frequency of the club heads or club head striking plates.

8. All clubs that were tested for conformance with Rule 4-1e, Appendix II of the USGA Rules of Golf that the USGA acquired in a non-confidential manner and which it either acquired prior to March 14, 2000, or was from a product line first sold to the public prior to March 14, 2000.

9. All clubs where the USGA has publicly stated that the club does not conform to Rule 4-1e, Appendix II of the USGA Rules of Golf.

# 5000016_v9

**APPENDIX B**

1. For each golf club manufactured or provided to the USGA prior to March 14, 2000, or comes from a product line first offered to the public prior to March 14, 2000, all test data and golf clubs tested by the USGA where the club evidences a frequency of the club head or club head striking plate within a range of 2800 Hz to 8500 Hz.

2. All non-confidential documents, whether internal or with third parties, including but not limited to any communications, memoranda, visits, meetings and public forums, relating to the USGA's decision to develop a test for determining compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf.

3. All non-confidential documents evidencing the introduction of thin-faced drivers, or drivers with a "spring-like" effect, into the marketplace.

4. All non-confidential documents, whether internal or with third parties, including but not limited to any communications, memoranda, visits, meetings and public forums, relating to the design, development and implementation of any test or method for measuring compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf, including but not limited to (1) the "Procedure for Measuring the Velocity Ratio of a Club Head for Conformance to Rule 4-1(e), Appendix II (Rev. 2, 1999)"; and (2) the Pendulum Test.

5. All documents relating to work performed by outside experts or consultants (e.g., Barrie S.H. Royce or David M. Parks) for the USGA relating to any test or method for measuring compliance with Rule 4-1e, Appendix II of the USGA Rules of Golf, including but not limited to (1) the "Procedure for Measuring the Velocity Ratio of a Club Head for Conformance to Rule 4-1(e), Appendix II (Rev. 2, 1999)"; and (2) the Pendulum Test.

6. All communications between the USGA and the Royal & Ancient relating to (1) thin-faced clubs, (2) the "spring like" effect of clubs, (3) the coefficient of restitution of club heads or club head striking plates, and/or (4) the frequency of club heads or club head striking plates.

7. All non-confidential communications between the USGA and Callaway regarding (1) thin-faced clubs, (2) the "spring like" effect of clubs, (3) the coefficient of restitution of club heads or club head striking plates, and/or (4) the frequency of club heads or club head striking plates.

8. For each club provided to or acquired by the USGA in a non-confidential manner, and which the USGA either acquired prior to March 14, 2000 or was from a product line first sold to the public prior to March 14, 2000, all documents and clubs that were tested to determine if the club conformed with Rule 4-1e, Appendix II of the USGA Rules of Golf.

9. All non-confidential lists that contain or describe golf clubs that the USGA has determined do not conform with Rule 4-1e, Appendix II of the USGA Rules of Golf.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 16, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 16, 2008, I have Electronically Mailed and Faxed the documents to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
scherkenbach@fr.com

John E. Gartman
Craig E. Countryman
Jennifer K. Bush
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA  92130
gartman@fr.com
countryman@fr.com
bush@fr.com

Michael J. Kane
William R. Woodford
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402
kane@fr.com
woodford@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

804408 / 31957