IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CALLAWAY GOLF COMPANY,**<br><br>               **Plaintiff,**<br>**v.**<br><br>**ACUSHNET COMPANY,**<br><br>               **Defendant.** | C.A. No. 07-367 (SLR) |

**STIPULATION REGARDING INFRINGEMENT
AND INVALIDITY CONTENTIONS**

Plaintiff Callaway Golf Company ("Callaway") and Defendant Acushnet Company ("Acushnet") have conferred regarding issues relating to the disclosure of infringement and invalidity contentions. The parties, through their respective counsel, hereby agree and stipulate that:

**A.    Test Method, Parameters, and Protocols**

On February 1, 2008, the parties shall disclose the test methods, parameters and/or protocols used to determine infringement pursuant to the patents that they have asserted against the other in this litigation, to the extent an asserted claim contains a limitation directed at a functional attribute (e.g., natural frequency or coefficient of restitution). That disclosure shall contain the following information, to the extent known:

    (a)    The boundary conditions during testing for supporting the striking plate, hitting zone or face;

    (b)    The instrumentation required;

    (c)    A description of the measurements and data to be measured, taken and recorded; and

    (d)    A description of the manner in which the measurements and data are to be measured and recorded.

**B.     Infringement Contentions**

On February 8, 2008, the parties agree to exchange infringement contentions on their respective claims. The disclosure shall contain the following information:

(a) Each claim of each patent-in-suit that is allegedly infringed by the opposing party;

(b) Separately for each asserted claim, each accused product of the opposing party of which the party is aware. Each product must be identified by name or model number;

(c) A chart identifying specifically where each element of each asserted claim is found within each accused product;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own product practices the claimed invention, the party must identify, separately for each asserted claim, each such product that incorporates or reflects that particular claim.

**C.     Invalidity Contentions**

On February 29, 2008, the parties agree to exchange invalidity contentions. This disclosure shall contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication and, where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the

circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found; and

(d) Any other grounds of invalidity or unenforceability, including any grounds based on indefiniteness under 35 U.S.C. § 112(2), enablement or written description under 35 U.S.C. § 112(1), or inequitable conduct.

**D.    Preliminary in Nature**

The parties agree that the infringement and invalidity contentions are preliminary in nature, and are made without prejudice to the disclosing party's right to modify or supplement the contentions as governed by the rules of the Court.

extended to July 16, 2007.

Dated: January 18, 2008

| FISH & RICHARDSON P.C. | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: */s/ Thomas L. Halkowski* | By: */s/ David E. Moore* |
| Thomas L. Halkowski (#4099) | Richard L. Horwitz (#2246) |
| Fish & Richardson P.C. | David E. Moore (#3983) |
| 919 N. Market Street, Suite 1100 | Hercules Plaza, 6th Floor |
| P. O. Box 1114 | 1313 N. Market Street |
| Wilmington, DE 19899-1114 | Wilmington, DE 19801 |
| Telephone (302) 652-5070 | Telephone (302) 984-6000 |
| halkowski@fr.com | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| *Attorneys for Plaintiff* | |
| *Callaway Golf Company* | *Attorneys for Defendant* |
| | *Acushnet Company* |

SO ORDERED this _____ day of _____, 2008.

_____
United States District Court Judge

3