**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-367-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ANSWER OF ACUSHNET COMPANY TO
COMPLAINT, COUNTERCLAIMS AND JURY DEMAND**

For its Answer and Counterclaims to the Complaint and Demand for Jury Trial by

Callaway Golf Co. ("Callaway"), Acushnet Golf Company ("Acushnet") responds and alleges as

follows:

**PARTIES**

1.    Acushnet is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1.

2.    Acushnet admits the allegations set forth in paragraph 2.

3.    Acushnet admits the allegations set forth in paragraph 3.

4.    Acushnet admits the allegations set forth in paragraph 4.

**JURISDICTION AND VENUE**

5.    Acushnet admits that jurisdiction for patent infringement actions is based on

28 U.S.C. §§ 1331 and 1338(a), but otherwise denies the remainder of the allegations of

paragraph 5.

6.    Acushnet admits that it is incorporated in Delaware and that it is doing and has

done business in this district, but otherwise denies the remainder of the allegations of paragraph

6.

7.    Acushnet admits that venue for patent infringement actions is based on 28 U.S.C. §§ 1400(b), but otherwise denies the remainder of the allegations of paragraph 7.

## BACKGROUND

8.    Acushnet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.    Acushnet denies the allegations set forth in paragraph 9.

10.    Acushnet admits that U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; and 6,949,032 were issued to John Kosmatka and that Callaway is listed as the assignee. Acushnet is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10.

11.    Acushnet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.    Acushnet admits that it makes and sells golf clubs under the Titleist® and Cobra® brands, including the King Cobra 454 Comp, King Cobra F Speed, King Cobra HS9 F Speed, King Cobra HS9 M Speed, King Cobra LD F Speed, Titleist 905R, Titleist 905S and Titleist 905T clubs. Acushnet denies remaining allegations set forth in paragraph 12.

## THE 1996 SETTLEMENT AGREEMENT

13.    Acushnet admits that it and Spalding World Wide Sports, Inc. ("Spalding") were engaged in patent litigation in 1996. Acushnet admits that it and Spalding entered into a settlement agreement in or about August 1996, which agreement contained a dispute resolution provision. Acushnet further admits that the quoted language in paragraph 13 is contained in the settlement agreement, but denies that the agreement references Magistrate Judge Thynge. Acushnet denies the remaining allegations set forth in paragraph 13.

14.     Acushnet admits that Callaway purported to invoke the dispute resolution procedures in the settlement agreement in or about August 2004, and that the quoted language in paragraph 14 can be found in the settlement agreement. Acushnet denies the remaining allegations set forth in paragraph 14.

15.     Acushnet admits that it engaged in settlement discussions with Callaway over an approximate eighteen-month period, which negotiations included senior executives, a third-party professional mediator and Magistrate Judge Thynge. The remaining allegations set forth in paragraph 15 are denied.

16.     Acushnet admits filing four *inter partes* reexamination requests with the PTO, numbers 95/000120-123. Acushnet denies the remaining allegations set forth in paragraph 16, and specifically denies that the submission of the reexaminations constitutes a breach of the settlement agreement.

17.     Acushnet admits that Callaway filed a lawsuit against Acushnet in or about February 2006, in which Callaway accused Acushnet of infringing four patents. Acushnet denies the remaining allegations set forth in paragraph 17.

18.     Acushnet admits the allegations set forth in paragraph 18.

19.     Acushnet admits that it opposed Callaway's motion to amend, and that the quoted language in paragraph 19 is contained in that opposition. Acushnet denies the remaining allegations set forth in paragraph 19.

20.     Acushnet admits the allegations set forth in paragraph 20.

21.     Acushnet admits that Callaway sent it a letter dated April 3, 2007, but denies that that letter disclosed or described the alleged dispute, the patents allegedly asserted, or the products allegedly involved.

22.     Acushnet admits sending letters to Callaway dated April 9 and April 19, 2007.

Acushnet denies the remaining allegations set forth in paragraph 22.

23.     Acushnet denies the allegations set forth in paragraph 23.

## COUNT I

24.     Paragraphs 1 through 23 are reiterated and herein incorporated by reference.

25.     Acushnet admits that United States Patent No. 6,348,015 ("the '015 patent") is

entitled "Golf Club Head Having a Striking Face with Improved Impact Efficiency" and was

issued on February 19, 2002, and lists Callaway as an assignee of the patent, and admits that a

purported copy of the '015 patent is attached as Exhibit A, but denies the remaining allegations

of paragraph 25.

26.     Acushnet denies the allegations set forth in paragraph 26.   Acushnet has not and

is not infringing the claims of the '015 patent, either literally or under the doctrine of equivalents,

nor is it infringing pursuant to the reverse doctrine of equivalents.

27.     Acushnet denies the allegations set forth in paragraph 27.

28.     Acushnet denies the allegations set forth in paragraph 28.

## COUNT II

29.     Paragraphs 1 through 23 are reiterated and herein incorporated by reference.

30.     Acushnet admits that United States Patent No. 6,478,692 ("the '692 patent") is

entitled "Golf Club Head Having a Striking Face with Improved Impact Efficiency" and was

issued on November 12, 2002, and lists Callaway as an assignee of the patent, and admits that a

purported copy of the '692 patent is attached as Exhibit B, but denies the remaining allegations

of paragraph 30.

31.    Acushnet denies the allegations set forth in paragraph 31.   Acushnet has not and is not infringing the claims of the '692 patent, either literally or under the doctrine of equivalents, nor is it infringing pursuant to the reverse doctrine of equivalents.

32.    Acushnet denies the allegations set forth in paragraph 32.

33.    Acushnet denies the allegations set forth in paragraph 33.

### COUNT III

34.    Paragraphs 1 through 23 are reiterated and herein incorporated by reference.

35.    Acushnet admits that United States Patent No. 6,669,579 ("the '579 patent") is entitled "Golf Club Head Having a Striking Face with Improved Impact Efficiency" and was issued on December 30, 2003, and lists Callaway as an assignee of the patent, and admits that a purported copy of the '579 patent is attached as Exhibit C, but denies the remaining allegations of paragraph 35.

36.    Acushnet denies the allegations set forth in paragraph 36.   Acushnet has not and is not infringing the claims of the '579 patent, either literally or under the doctrine of equivalents, nor is it infringing pursuant to the reverse doctrine of equivalents.

37.    Acushnet denies the allegations set forth in paragraph 37.

38.    Acushnet denies the allegations set forth in paragraph 38.

### COUNT IV

39.    Paragraphs 1 through 23 are reiterated and herein incorporated by reference.

40.    Acushnet admits that United States Patent No. 6,685,576 ("the '576 patent") is entitled "Golf Club Head Having a Striking Face with Improved Impact Efficiency" and was issued on February, 2003, and lists Callaway as an assignee of the patent, and admits that a purported copy of the '576 patent is attached as Exhibit D, but denies the remaining allegations of paragraph 40.

5

41.    Acushnet denies the allegations set forth in paragraph 41.   Acushnet has not and is not infringing the claims of the '576 patent, either literally or under the doctrine of equivalents, nor is it infringing pursuant to the reverse doctrine of equivalents.

42.    Acushnet denies the allegations set forth in paragraph 42.

43.    Acushnet denies the allegations set forth in paragraph 43.

**COUNT V**

44.    Paragraphs 1 through 23 are reiterated and herein incorporated by reference.

45.    Acushnet admits that United States Patent No. 6,949,032 ("the '032 patent") is entitled "Golf Club Head Having a Striking Face with Improved Impact Efficiency" and was issued on September 27, 2005, and lists Callaway as an assignee of the patent, and admits that a purported copy of the '032 patent is attached as Exhibit E, but denies the remaining allegations of paragraph 45.

46.    Acushnet denies the allegations set forth in paragraph 46.   Acushnet has not and is not infringing the claims of the '032 patent, either literally or under the doctrine of equivalents, nor is it infringing pursuant to the reverse doctrine of equivalents.

47.    Acushnet denies the allegations set forth in paragraph 47.

48.    Acushnet denies the allegations set forth in paragraph 48.

**DEFENSES**

Acushnet asserts the following defenses:

49.    Callaway has failed to state a claim upon which relief may be granted.

50.    Acushnet is not infringing and has never infringed any claim of any of the '015, '692, '579, '576 or '032 patents ("the Asserted Patents"), either literally, under the doctrine of equivalents, or under the reverse doctrine of equivalents.

6

51.    Each of the claims of the Asserted Patents is invalid due to failure to comply with the requirements of patentability as set forth in Title 35 U.S.C. *et seq.*, including, but not limited to, §§ 101, 102, 103 and 112.

52.    Callaway's infringement claims are barred by the doctrine of laches.

53.    Callaway's infringement claims are barred by the doctrine of estoppel.

54.    Callaway's patents are unenforceable due to patent misuse.

55.    Callaway's infringement claims are barred by the doctrine of unclean hands.

56.    Callaway's infringement claims are barred because conditions precedent to bringing this suit were not satisfied, in that Callaway has maintained that the dispute resolution procedures in the settlement agreement apply to the present dispute and has admitted that it has not followed those procedures solely because of its wrongful claim that Acushnet has breached the agreement. Acushnet has not breached the settlement agreement. Based on Callaway's assertions, the settlement agreement provides that a lawsuit may not be filed until the dispute resolution procedures contained therein have been exhausted.

57.    Based on Callaway's assertions, Callaway's infringement claims are barred by its breach of the settlement agreement.

## COUNTERCLAIMS

Plaintiff-in-counterclaim Acushnet asserts the following counterclaims against defendant-in-counterclaim Callaway:

## PARTIES

1.    The plaintiff-in-counterclaim, Acushnet, is a Delaware corporation with a principal place of business in Fairhaven, Massachusetts.

2.    The defendant-in-counterclaim, Callaway, is a Delaware corporation with a principal place of business in Carlsbad, California.

## JURISDICTION AND VENUE

3.     Acushnet counterclaims for a declaratory judgment that each of the Asserted

Patents is invalid, unenforceable and/or not infringed by any act of Acushnet.  These

counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the

United States Patent laws, 35 U.S.C. *et seq*.

4.     This Court has subject matter jurisdiction over these counterclaims and

Acushnet's patent infringement counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5.     Based on the foregoing allegations, and by virtue of Callaway's commencement

of the present action, a justiciable controversy exists and this Court has personal jurisdiction over

Callaway.

6.     Venue is proper in this court for these counterclaims pursuant to 28 U.S.C.

§§ 1391 and 1400, and by virtue of Callaway's commencement of the present action in this

Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity and Noninfringement)

7.     Acushnet repeats the allegations set forth in paragraphs 1 through 6 as if fully set

forth herein.

8.     Callaway alleges to be the owner by assignment of the Asserted Patents.

Callaway has filed a Complaint alleging that Acushnet has infringed and continues to infringe

the Asserted Patents.  Accordingly, a substantial and continuing justiciable controversy exists

between Acushnet and Callaway as to the infringement, validity and enforceability of the

Asserted Patents.

8

9.      Acushnet has not infringed and is not infringing the Asserted Patents, either literally or under the doctrine of equivalents, nor is it infringing them pursuant to the reverse doctrine of equivalents.

10.     Each of the claims of the Asserted Patents is invalid due to a failure to comply with the requirements of patentability as set forth in Title 35 U.S.C. *et seq.*, including, but not limited to, §§ 101, 102, 103 and 112.

**SECOND COUNTERCLAIM**
**(Infringement of U.S. Patent No. 6,960,142)**

11.     Acushnet repeats the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

12.     Acushnet is the owner by assignment of United States Patent No. 6,960,142 ("the '142 patent"), entitled GOLF CLUB HEAD WITH A HIGH COEFFICIENT OF RESTITUTION, which was duly and legally issued by the United States Patent and Trademark Office to Laurent C. Bissonnette *et al.* on November 1, 2005, a copy of which is attached hereto as Exhibit A.

13.     Callaway is infringing and has infringed the '142 patent by making, offering to sell or selling its FT-i, FT-5, X-460, X-460 Tour, Big Bertha Fusion FT-3 and Big Bertha 460 golf clubs.

14.     Upon information and belief, Callaway has had knowledge of the '142 patent, and its infringement of the '142 patent is willful, wanton and in deliberate disregard of Acushnet's rights under the '142 patent.

15.     Acushnet has been irreparably harmed to an extent not yet determined by Callaway's infringement, and will continue to be irreparably harmed in the future unless Callaway is enjoined from its activities by this Court.

## THIRD COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,041,003)

16.    Acushnet repeats the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

17.    Acushnet is the owner by assignment of United States Patent No. 7,041,003 ("the '003 patent"), entitled GOLF CLUB HEAD WITH VARIABLE FLEXURAL STIFFNESS FOR CONTROLLED BALL FLIGHT AND TRAJECTORY, which was duly and legally issued by the United States Patent and trademark Office to Laurent C. Bissonnette *et al.* on May 9, 2006, a copy of which is attached hereto as Exhibit B.

18.    Callaway is infringing and has infringed the '003 patent by making, offering to sell or selling its FT-i, FT-5, X-460, X-460 Tour, Big Bertha Fusion FT-3 and Big Bertha 460 golf clubs.

19.    Upon information and belief, Callaway has had knowledge of the '003 patent, and its infringement of the '003 patent is willful, wanton and in deliberate disregard of Acushnet's rights under the '003 patent.

20.    Acushnet has been irreparably harmed to an extent not yet determined by Callaway's infringement, and will continue to be irreparably harmed in the future unless Callaway is enjoined from its activities by this Court.

WHEREFORE, Acushnet prays for judgment and relief as follows:

A.    That Callaway's Complaint be dismissed with prejudice and that Callaway take nothing by way of its Complaint;

B.    That this Court enter an Order declaring that Acushnet does not infringe and has not infringed any claim of the '015, '692, '579, '576 or '032 patents;

10

C.      That this Court enter an Order declaring that each and every claim of the '015,
'692, '579, '576 or '032 patents is invalid and/or unenforceable;

D.      That this Court enter an Order declaring that Callaway infringes the '142 patent;

E.      That this Court enter an Order declaring that Callaway infringes the '003 patent;

F.      That this Court permanently enjoin Callaway, its officers, agents, employees,
representatives, successors and assigns, and any others acting in concert with it, from infringing
the '142 and '003 patents;

G.      That this Court award Acushnet adequate damages resulting from Callaway's
infringement;

H.      That this Court award Acushnet treble their damages due to Callaway's willful
infringement;

I.      That this Court declare this to be an exceptional case within the meaning of 35
U.S.C. § 285;

J.      That this Court award Acushnet their costs in this action, together with reasonable
attorney's fee and pre-judgment interest; and

K.      That this Court grant Acushnet such other relief as it deems just and proper.

## JURY DEMAND

Acushnet demands a trial by jury on all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joshua C. Krumholz
Thomas M. Johnston
Benjamin D. Enerson
HOLLAND & KNIGHT LLP
10 St. James Avenue 11th Floor
Boston, MA  02116
Tel:  (617) 573-5820

Dated:  January 30, 2008
845680/31957

By:    _/s/ David E. Moore_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*