## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-367-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF SUBPOENAS *AD TESTIFICANDUM AND DUCES TECUM*

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendant Acushnet Company, will serve the attached subpoenas *ad testificandum*

*and duces tecum* (Exhibits A and K hereto) on Daiwa Golf Company U.S.A., Dunlop Sports

Group Americas, Fu Sheng U.S.A., Bridgestone Golf, Inc., Kasco U.S.A. (Barkie Inc.), Yonex

Corporation U.S.A., Goldwin Golf U.S.A., Mizuno U.S.A., Inc., Taylor Made Golf Company,

Inc., Adams Golf, Inc., and Crane Custom Clubs.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joshua C. Krumholz
Thomas M. Johnston
Benjamin D. Enerson
HOLLAND & KNIGHT LLP
10 St. James Avenue 11th Floor
Boston, MA  02116
Tel:  (617) 573-5820

Dated:  April 22, 2008
861316 /31957

By:   */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | CENTRAL DISTRICT OF | CALIFORNIA |
|---|---|---|

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| **ACUSHNET COMPANY** | U.S. District Court for the District of Delaware |

TO:    **Daiwa Golf Company U.S.A.**
       12851 Midway Place
       Cerritos, CA 90703

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 12, 2008 at 2 P.M. |
| 633 West Fifth Street | |
| 21st Floor | To be recorded by stenography and |
| Los Angeles, CA 90071; *or at another location to be agreed upon.* | videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 7, 2008 at 9 A.M. |
| 633 West Fifth Street | |
| 21st Floor | |
| Los Angeles, CA 90071; *or at another location to be agreed upon.* | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 22, 2008 |
| Benjamin Enerson, Attorney for Defendant Acushnet Company | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena
(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5284039_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Daiwa Golf Company U.S.A. ("Daiwa") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Daiwa may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Clubs" mean the Daiwa G3 HyperTitan, G3 901 Ti.01, S-Yard T.301 Forged Titanium and S-Yard T.302 Forged Titanium.

### TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of each of the Clubs.

2.    The beginning and end dates of manufacture of each of the Clubs.

3.    The method of manufacturing of each of the Clubs.

4.    The thickness of the face section of each of the Clubs.

5.    The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.    Frequency testing of the face section of each of the Clubs.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283806_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Daiwa G3 HyperTitan, G3 901 Ti.01, S-Yard T.301 Forged Titanium and S-Yard T.302 Forged Titanium.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.    Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

(a)    the thickness of the face section of each of the Clubs;

(b)    the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

(c)    the method of manufacturing of each of the Clubs.

4.    All documents relating to any frequency testing of the face section of each of the Clubs.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283813_v1

# EXHIBIT B

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | DISTRICT OF | SOUTH CAROLINA |
| --- | --- | --- |

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
| --- | --- |
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO:     **Dunlop Sports Group Americas**
         25 Draper St.
         Greenville, SC 29611

☐     YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |
| | |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| **Haynsworth Sinkler Boyd, P.A.** | May 12, 2008 at 9 A.M. |
| 75 Beattie Place | |
| Two Liberty Square, 11th Floor | To be recorded by stenography and |
| Greenville, SC 29601; *or at another location to be agreed upon.* | videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
| --- | --- |
| **Haynsworth Sinkler Boyd, P.A.** | May 7, 2008 at 9 A.M. |
| 75 Beattie Place | |
| Two Liberty Square, 11th Floor | |
| Greenville, SC 29601; *or at another location to be agreed upon.* | |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Thomas M. Johnston, Attorney for Defendant Acushnet Company | April 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]     If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283684_v1

# APPENDIX A

## INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Dunlop Sports Group Americas ("Dunlop") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below.  Dunlop may set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

"Club" means the Dunlop Tangent Plus 10.

## TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of the Club.

2.    The beginning and end dates of manufacture of the Club.

3.    The method of manufacturing of the Club.

4.    The thickness of the face section of the Club.

5.    The material(s) used in the manufacture of the face and/or body of the club head for the Club.

6.    Frequency testing of the face section of the Club.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283231_v1

## APPENDIX B

### DEFINITIONS

"Club" means the Dunlop Tangent Plus 10.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of the Club.

2.    Documents sufficient to show the beginning and end dates of the manufacture of the Club.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

      (a)    the thickness of the face section of the Club;

      (b)    the material(s) used in the manufacture of the face and/or body of the club head for the Club; and

      (c)    the method of manufacturing of the Club.

4.    All documents relating to any frequency testing of the face section of the Club.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283235_v1

# EXHIBIT C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | CENTRAL DISTRICT OF | CALIFORNIA |
|---|---|---|

| | |
|---|---|
| **CALLAWAY GOLF COMPANY** | **SUBPOENA IN A CIVIL CASE** |
| **v.** | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| **ACUSHNET COMPANY** | U.S. District Court for the District of Delaware |

TO:    **Fu Sheng U.S.A.**
       3025 E. Victoria St.
       Rancho Dominguez, CA 90221

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 12, 2008 at 9 A.M. |
| 633 West Fifth Street | |
| 21st Floor | To be recorded by stenography and videotape. |
| Los Angeles, CA 90071; *or at another location to be agreed upon.* | |
| **See Appendix A for Instructions and Topics for Examination** | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 7, 2008 at 9 A.M. |
| 633 West Fifth Street | |
| 21st Floor | |
| Los Angeles, CA 90071; *or at another location to be agreed upon.* | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* <br> Benjamin Enerson, Attorney for Defendant Acushnet Company | April 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283509_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Fu Sheng U.S.A. ("Fu Sheng") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Fu Sheng may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Clubs" mean the Aeson 400 Ti and Ti-322j.

### TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of each of the Clubs.

2.    The beginning and end dates of manufacture of each of the Clubs.

3.    The method of manufacturing of each of the Clubs.

4.    The thickness of the face section of each of the Clubs.

5.    The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.    Frequency testing of the face section of each of the Clubs.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283135_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Aeson 400 Ti and Ti-322j.

### REQUESTS

1.      Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.      Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.      Manufacturing specifications, design drawings and other documents sufficient to identify:

(a)      the thickness of the face section of each of the Clubs;

(b)      the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

(c)      the method of manufacturing of each of the Clubs.

4.      All documents relating to any frequency testing of the face section of each of the Clubs.

5.      All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# EXHIBIT D

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **FOR THE** | **NORTHERN DISTRICT OF** | **GEORGIA** |

| | |
|---|---|
| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
| **v.** | CASE NUMBER: Civil Action No. 07-367-SLR<br>Chief Judge Sue L. Robinson<br>U.S. District Court for the District of Delaware |
| ACUSHNET COMPANY | |

TO:    **Bridgestone Golf, Inc.**
        14230 Lochridge Blvd, Suite G
        Covington, GA 30014

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Holland and Knight LLP**<br>1201 West Peachtree Street, N.E.<br>One Atlantic Center, Suite 2000<br>Atlanta, GA 30309; *or at another location to be agreed upon.*<br>**See Appendix A for Instructions and Topics for Examination** | DATE AND TIME<br>May 13, 2008 at 9 A.M.<br><br>To be recorded by stenography and videotape. |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE<br>**Holland and Knight LLP**<br>1201 West Peachtree Street, N.E.<br>One Atlantic Center, Suite 2000<br>Atlanta, GA 30309; *or at another location to be agreed upon.* | DATE AND TIME<br>May 7, 2008 at 9 A.M. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Thomas M. Johnston, Attorney for Defendant Acushnet Company | April 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5284077_v1

## APPENDIX A

## INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Bridgestone Golf, Inc. ("Bridgestone") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Bridgestone may set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

"Clubs" mean the Bridgestone Break the Mode DC-300 and TourStage Superior Performance V500.

## TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of each of the Clubs.

2.    The beginning and end dates of manufacture of each of the Clubs.

3.    The method of manufacturing of each of the Clubs.

4.    The thickness of the face section of each of the Clubs.

5.    The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.    Frequency testing of the face section of each of the Clubs.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283834_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Bridgestone Break the Mode DC-300 and TourStage Superior Performance V500.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.    Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

  (a)    the thickness of the face section of each of the Clubs;

  (b)    the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

  (c)    the method of manufacturing of each of the Clubs.

4.    All documents relating to any frequency testing of the face section of each of the Clubs.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283841_v1

# EXHIBIT E

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | NORTHERN DISTRICT OF | GEORGIA |
| --- | --- | --- |

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
| --- | --- |
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO:     **Kasco U.S.A. (Barkie Inc.)**
        115 Foe Creek Court
        Roswell, GA 30076

☐       YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒       YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| **Holland and Knight LLP** | May 13, 2008 at 2 P.M. |
| 1201 West Peachtree Street, N.E. | |
| One Atlantic Center, Suite 2000 | To be recorded by stenography and |
| Atlanta, GA 30309; *or at another location to be agreed upon.* | videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒       YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
| --- | --- |
| **Holland and Knight LLP** | May 7, 2008 at 9 A.M. |
| 1201 West Peachtree Street, N.E. | |
| One Atlantic Center, Suite 2000 | |
| Atlanta, GA 30309; *or at another location to be agreed upon.* | |

☐       YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | |
| Thomas M. Johnston/Attorney for Defendant Acushnet Company | April 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

*(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)*

[1]  If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

              DATE                               SIGNATURE OF SERVER

                                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

    (2) (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)    fails to allow reasonable time for compliance;

        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

    # 5284064_v1

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)    subjects a person to undue burden.

    (B)    If a subpoena
        (i)    requires disclosure of a trade secret of other confidential research, development, or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)    requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

## INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Kasco U.S.A. (Barkie Inc.) ("Kasco") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Kasco may set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

"Clubs" mean the Kasco VS Tour X74 Graph VS Tour, VS Tour X79 Graph, VS Tour Super Hyten 50, VS Tour Big Super Hyten 51, and VS Tour Big Super Hyten RS 52.

## TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of each of the Clubs.

2.    The beginning and end dates of manufacture of each of the Clubs.

3.    The method of manufacturing of each of the Clubs.

4.    The thickness of the face section of each of the Clubs.

5.    The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.    Frequency testing of the face section of each of the Clubs.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283859_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Kasco VS Tour X74 Graph VS Tour, VS Tour X79 Graph, VS Tour Super Hyten 50, VS Tour Big Super Hyten 51, and VS Tour Big Super Hyten RS 52.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.    Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

        (a)    the thickness of the face section of each of the Clubs;

        (b)    the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

        (c)    the method of manufacturing of each of the Clubs.

4.    All documents relating to any frequency testing of the face section of each of the Clubs.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283886_v1

# EXHIBIT F

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | CENTRAL DISTRICT OF | CALIFORNIA |
|---|---|---|

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| **ACUSHNET COMPANY** | Chief Judge Sue L. Robinson<br>U.S. District Court for the District of Delaware |

TO:     **Yonex Corporation U.S.A.**
         20140 S. Western Ave.
         Torrance, CA 90501

☐        YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒        YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION<br>**Holland and Knight LLP**<br>633 West Fifth Street<br>21st Floor<br>Los Angeles, CA 90071; *or at another location to be agreed upon.*<br>**See Appendix A for Instructions and Topics for Examination** | DATE AND TIME<br>May 13, 2008 at 9 A.M.<br><br>To be recorded by stenography and<br>videotape. |
|---|---|

☒        YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE<br>**Holland and Knight LLP**<br>633 West Fifth Street<br>21st Floor<br>Los Angeles, CA 90071; *or at another location to be agreed upon.* | DATE AND TIME<br>May 7, 2008 at 9 A.M. |
|---|---|

☐        YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Benjamin Enerson, Attorney for Defendant Acushnet Company | DATE<br><br>April 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5284022_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Yonex Corporation U.S.A. ("Yonex") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Yonex may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Club" means the Yonex Super ADX Biam Ti.

### TOPICS FOR EXAMINATION

1.     The first sale, offer for sale, or public use of the Club.

2.     The beginning and end dates of manufacture of the Club.

3.     The method of manufacturing of the Club.

4.     The thickness of the face section of the Club.

5.     The material(s) used in the manufacture of the face and/or body of the club head for the Club.

6.     Frequency testing of the face section of the Club.

7.     Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283980_v1

## APPENDIX B

### DEFINITIONS

"Club" means the Yonex Super ADX Biam Ti.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of the Club.

2.    Documents sufficient to show the beginning and end dates of the manufacture of the Club.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

      (a)    the thickness of the face section of the Club;

      (b)    the material(s) used in the manufacture of the face and/or body of the club head for the Club; and

      (c)    the method of manufacturing of the Club.

4.    All documents relating to any frequency testing of the face section of the Club.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283983_v1

# EXHIBIT G

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | SOUTHERN DISTRICT OF | CALIFORNIA |
|---|---|---|

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| **ACUSHNET COMPANY** | U.S. District Court for the District of Delaware |

TO:  **Goldwin Golf U.S.A.**
      5009 Via Papel
      San Diego, CA 92122

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Sheppard Mullin Richter & Hampton LLP** | May 14, 2008 at 9 A.M. |
| 501 West Broadway | |
| 19th Floor | To be recorded by stenography and |
| San Diego, CA 92101; *or at another location to be agreed upon.* | videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Sheppard Mullin Richter & Hampton LLP** | May 7, 2008 at 9 A.M. |
| 501 West Broadway | |
| 19th Floor | |
| San Diego, CA 92101; *or at another location to be agreed upon.* | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 22, 2008 |
| Benjamin Enerson, Attorney for Defendant Acushnet Company | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283576_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Goldwin Golf U.S.A. ("Goldwin") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Goldwin may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Clubs" mean the Goldwin AVDP 12° Graph Sr./AVDP GS XL Senior and AVDP 12° Graph L/AVDP Lady LGXL.

### TOPICS FOR EXAMINATION

1.      The first sale, offer for sale, or public use of each of the Clubs.

2.      The beginning and end dates of manufacture of each of the Clubs.

3.      The method of manufacturing of each of the Clubs.

4.      The thickness of the face section of each of the Clubs.

5.      The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.      Frequency testing of the face section of each of the Clubs.

7.      Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283240_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Goldwin AVDP 12° Graph Sr./AVDP GS XL Senior and AVDP 12° Graph L/AVDP Lady LGXL.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.    Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

(a)    the thickness of the face section of each of the Clubs;

(b)    the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

(c)    the method of manufacturing of each of the Clubs.

4.    All documents relating to any frequency testing of the face section of each of the Clubs.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283245_v1

# EXHIBIT H

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | NORTHERN DISTRICT OF | GEORGIA |
|---|---|---|

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO:    **Mizuno U.S.A., Inc.**
       4925 Avalon Ridge Parkway
       Norcross, GA 30071

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 14, 2008 at 9 A.M. |
| 1201 West Peachtree Street, N.E. | |
| One Atlantic Center, Suite 2000 | |
| Atlanta, GA 30309; *or at another location to be agreed upon.* | To be recorded by stenography and videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Holland and Knight LLP** | May 7, 2008 at 9 A.M. |
| 1201 West Peachtree Street, N.E. | |
| One Atlantic Center, Suite 2000 | |
| Atlanta, GA 30309; *or at another location to be agreed upon.* | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 22, 2008 |
| Thomas M. Johnston, Attorney for Defendant Acushnet Company | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)   If a subpoena

(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5284057_v1

# APPENDIX A

## INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Mizuno U.S.A., Inc. ("Mizuno") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Mizuno may set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

"Clubs" mean the Mizuno Scud and 300S II COR Tour Spirit.

## TOPICS FOR EXAMINATION

1.      The first sale, offer for sale, or public use of each of the Clubs.

2.      The beginning and end dates of manufacture of each of the Clubs.

3.      The method of manufacturing of each of the Clubs.

4.      The thickness of the face section of each of the Clubs.

5.      The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.      Frequency testing of the face section of each of the Clubs.

7.      Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283968_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Mizuno Scud and 300S II COR Tour Spirit.

### REQUESTS

1.     Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.     Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.     Manufacturing specifications, design drawings and other documents sufficient to identify:

     (a)     the thickness of the face section of each of the Clubs;

     (b)     the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

     (c)     the method of manufacturing of each of the Clubs.

4.     All documents relating to any frequency testing of the face section of each of the Clubs.

5.     All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283973_v1

# EXHIBIT I

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

| FOR THE | SOUTHERN DISTRICT OF | CALIFORNIA |
|---|---|---|

| | |
|---|---|
| **CALLAWAY GOLF COMPANY** | **SUBPOENA IN A CIVIL CASE** |
| **v.** | CASE NUMBER: Civil Action No. 07-367-SLR |
| | Chief Judge Sue L. Robinson |
| **ACUSHNET COMPANY** | U.S. District Court for the District of Delaware |

TO:   **Taylor Made Golf Company, Inc.**
      5545 Fermi Court
      Carlsbad, CA 92008

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Sheppard Mullin Richter & Hampton LLP** | May 14, 2008 at 2 P.M. |
| 501 West Broadway | |
| 19th Floor | To be recorded by stenography and |
| San Diego, CA 92101; *or at another location to be agreed upon.* | videotape. |
| **See Appendix A for Instructions and Topics for Examination** | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Sheppard Mullin Richter & Hampton LLP** | May 7, 2008 at 9 A.M. |
| 501 West Broadway | |
| 19th Floor | |
| San Diego, CA 92101; *or at another location to be agreed upon.* | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 22, 2008 |
| Benjamin Enerson, Attorney for Defendant Acushnet Company | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283610_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, TaylorMade Golf Company, Inc. ("TaylorMade") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below.  TaylorMade may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Clubs" mean the TaylorMade Burner SuperSteel, Firesole 320cc and Firesole 320.

### TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of each of the Clubs.

2.    The beginning and end dates of manufacture of each of the Clubs.

3.    The method of manufacturing of each of the Clubs.

4.    The thickness of the face section of each of the Clubs.

5.    The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6.    Frequency testing of the face section of each of the Clubs.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283262_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the TaylorMade Burner SuperSteel, Firesole 320cc and Firesole 320.

### REQUESTS

1.    Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2.    Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3.    Manufacturing specifications, design drawings and other documents sufficient to identify:

(a)    the thickness of the face section of each of the Clubs;

(b)    the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

(c)    the method of manufacturing of each of the Clubs.

4.    All documents relating to any frequency testing of the face section of each of the Clubs.

5.    All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283267_v1

# EXHIBIT J

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

| FOR THE | EASTERN DISTRICT OF | TEXAS |
|---|---|---|

| CALLAWAY GOLF COMPANY | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR<br>Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO: **Adams Golf, Inc.**
2801 East Plano Parkway
Plano, TX 75074

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Capshaw DeRieux, LLP**<br>1127 Judson Road, Suite 220<br>Longview, TX 75601-5157; *or at another location to be agreed upon.*<br>**See Appendix A for Instructions and Topics for Examination** | DATE AND TIME<br>May 15, 2008 at 9 A.M.<br><br>To be recorded by stenography and videotape. |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE<br>**Capshaw DeRieux, LLP**<br>1127 Judson Road, Suite 220<br>Longview, TX 75601-5157; *or at another location to be agreed upon.* | DATE AND TIME<br>May 7, 2008 at 9 A.M. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Thomas M. Johnston, Attorney for Defendant Acushnet Company | April 22, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283711_v1

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Adams Golf, Inc. ("Adams") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Adams may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Club" means the Adams Tight Lies ST 303.

### TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of the Club.

2.    The beginning and end dates of manufacture of the Club.

3.    The method of manufacturing of the Club.

4.    The thickness of the face section of the Club.

5.    The material(s) used in the manufacture of the face and/or body of the club head for the Club.

6.    Frequency testing of the face section of the Club.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283166_v1

## APPENDIX B

### DEFINITIONS

"Club" means the Adams Tight Lies ST 303.

### REQUESTS

1.     Documents sufficient to date the first sale, offer for sale, or public use of the Club.

2.     Documents sufficient to show the beginning and end dates of the manufacture of the Club.

3.     Manufacturing specifications, design drawings and other documents sufficient to identify:

      (a)     the thickness of the face section of the Club;

      (b)     the material(s) used in the manufacture of the face and/or body of the club head for the Club; and

      (c)     the method of manufacturing of the Club.

4.     All documents relating to any frequency testing of the face section of the Club.

5.     All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283190_v1

# EXHIBIT K

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | SOUTHERN DISTRICT OF | NEW YORK |
|---|---|---|

| | |
|---|---|
| **CALLAWAY GOLF COMPANY**<br><br>v.<br><br>**ACUSHNET COMPANY** | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: Civil Action No. 07-367-SLR<br>Chief Judge Sue L. Robinson<br>U.S. District Court for the District of Delaware |

TO:    **Crane Custom Clubs**
       24 Frederick St.
       Garnerville, NY 10923

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>**Holland & Knight LLP**<br>195 Broadway<br>24th Floor<br>New York, NY 10007; *or at another location to be agreed upon.*<br>**See Appendix A for Instructions and Topics for Examination** | DATE AND TIME<br>May 16, 2008 at 2 P.M.<br><br>To be recorded by stenography and videotape. |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE<br>**Holland & Knight LLP**<br>195 Broadway<br>24th Floor<br>New York, NY 10007; *or at another location to be agreed upon.* | DATE AND TIME<br>May 7, 2008 at 9 A.M. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Thomas M. Johnston, Attorney for Defendant Acushnet Company | DATE<br><br>April 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas M. Johnston, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# 5283728_v1

## APPENDIX A

## INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Crane Custom Clubs ("Crane") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Crane may set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS

"Club" means the Crane Golf TPC 9.5°.

## TOPICS FOR EXAMINATION

1.    The first sale, offer for sale, or public use of the Club.

2.    The beginning and end dates of manufacture of the Club.

3.    The method of manufacturing of the Club.

4.    The thickness of the face section of the Club.

5.    The material(s) used in the manufacture of the face and/or body of the club head for the Club.

6.    Frequency testing of the face section of the Club.

7.    Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and/or 7,041,003.

# 5283211_v1

## APPENDIX B

### DEFINITIONS

"Club" means the Crane Golf TPC 9.5°.

### REQUESTS

1.      Documents sufficient to date the first sale, offer for sale, or public use of the Club.

2.      Documents sufficient to show the beginning and end dates of the manufacture of the Club.

3.      Manufacturing specifications, design drawings and other documents sufficient to identify:

    (a)      the thickness of the face section of the Club;

    (b)      the material(s) used in the manufacture of the face and/or body of the club head for the Club; and

    (c)      the method of manufacturing of the Club.

4.      All documents relating to any frequency testing of the face section of the Club.

5.      All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; and 7,041,003.

# 5283219_v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 22, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on April 22, 2008, the attached document was Electronically Mailed

to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

John E. Gartman
Craig E. Countryman
Jennifer K. Bush
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
gartman@fr.com
countryman@fr.com
bush@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Michael J. Kane
William R. Woodford
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
kane@fr.com
woodford@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

804408 / 31957