IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-367-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF SUBPOENA *AD TESTIFICANDUM AND DUCES TECUM***

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Acushnet Company, will serve the attached subpoena *ad testificandum and duces tecum* on Goldwin Golf U.S.A., Inc., c/o Tetsuohu Koiso. A true and correct copy of the subpoena is attached hereto.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joshua C. Krumholz
Thomas M. Johnston
Benjamin D. Enerson
HOLLAND & KNIGHT LLP
10 St. James Avenue 11th Floor
Boston, MA 02116
Tel: (617) 573-5820

Dated: May 1, 2008
862729 /31957

By: /s/ *David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

AO 88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| FOR THE | CENTRAL DISTRICT OF | CALIFORNIA |
|---|---|---|

| CALLAWAY GOLF COMPANY | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | CASE NUMBER: Civil Action No. 07-367-SLR<br>Chief Judge Sue L. Robinson |
| ACUSHNET COMPANY | U.S. District Court for the District of Delaware |

TO:   Goldwin Golf U.S.A., Inc.
      c/o Tetsuohu Koiso
      800 S. Figueroa Street Suite 1040
      Los Angeles, CA 90017

☐   YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Holland and Knight LLP**<br>633 West Fifth Street<br>21st Floor<br>Los Angeles, CA 90071; *or at another location to be agreed upon.*<br>**See Appendix A for Instructions and Topics for Examination** | May 21, 2008 at 9 A.M.<br><br>To be recorded by stenography and videotape. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
**See Appendix B**

| PLACE | DATE AND TIME |
|---|---|
| **Holland and Knight LLP**<br>633 West Fifth Street<br>21st Floor<br>Los Angeles, CA 90071; *or at another location to be agreed upon.* | May 14, 2008 at 9 A.M. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Benjamin Enerson, Attorney for Defendant Acushnet Company | May 1, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Benjamin Enerson, Holland and Knight LLP, 10 St. James Ave., Boston, MA 02116; 1-617-523-2700

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## APPENDIX A

### INSTRUCTIONS

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Goldwin Golf U.S.A. ("Goldwin") has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to testify relating to the Topics for Examination listed below. Goldwin may set forth, for each person designated, the matters on which the person will testify.

### DEFINITIONS

"Clubs" mean the Goldwin AVDP 12° Graph Sr./AVDP GS XL Senior and AVDP 12° Graph L/AVDP Lady LGXL.

### TOPICS FOR EXAMINATION

1. The first sale, offer for sale, or public use of each of the Clubs.

2. The beginning and end dates of manufacture of each of the Clubs.

3. The method of manufacturing of each of the Clubs.

4. The thickness of the face section of each of the Clubs.

5. The material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs.

6. Frequency testing of the face section of each of the Clubs.

7. Communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; 7,041,003; and 7,140,975.

# 5283240_v1

## APPENDIX B

### DEFINITIONS

"Clubs" mean the Goldwin AVDP 12° Graph Sr./AVDP GS XL Senior and AVDP 12° Graph L/AVDP Lady LGXL.

### REQUESTS

1. Documents sufficient to date the first sale, offer for sale, or public use of each of the Clubs.

2. Documents sufficient to show the beginning and end dates of the manufacture of each of the Clubs.

3. Manufacturing specifications, design drawings and other documents sufficient to identify:

    (a) the thickness of the face section of each of the Clubs;

    (b) the material(s) used in the manufacture of the face and/or body of the club head for each of the Clubs; and

    (c) the method of manufacturing of each of the Clubs.

4. All documents relating to any frequency testing of the face section of each of the Clubs.

5. All communications with Callaway regarding U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; 6,949,032; 6,960,142; 7,041,003; and 7,140,975.

# 5283245_v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 1, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 1, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

John E. Gartman
Craig E. Countryman
Jennifer K. Bush
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
gartman@fr.com
countryman@fr.com
bush@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

Michael J. Kane
William R. Woodford
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
kane@fr.com
woodford@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

804408 / 31957