IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>  v.<br><br>ACUSHNET COMPANY,<br><br>   Defendant. | C. A. No. 07-367 (SLR) |

**CALLAWAY GOLF COMPANY'S REPLY TO ACUSHNET COMPANY'S SECOND AMENDED COUNTERCLAIMS AND COUNTERCLAIMS IN REPLY**

  Plaintiff Callaway Golf Company, by its attorneys, Fish & Richardson P.C., replies to the Second Amended Counterclaims of Defendant Acushnet Company. Except as expressly admitted below, Callaway Golf denies each and every allegation in Defendant's Second Amended Counterclaims. Specifically, Callaway Golf replies as follows:

**PARTIES**

  1. On information or belief, Callaway Golf admits the allegations of paragraph 1.

  2. Callaway Golf admits the allegations of paragraph 2.

**JURISDICTION AND VENUE**

  3. Callaway Golf admits that Acushnet has filed counterclaims and that those counterclaims arise under the Declaratory Judgment Act and the United States Patent Laws. Callaway Golf denies that Acushnet is entitled to any relief.

  4. Callaway Golf admits that the Court has subject matter jurisdiction over all the counterclaims pursuant to 35 U.S.C. § 1331 and 1338, but denies the remaining allegations of this paragraph.

5. Callaway Golf admits that a justiciable controversy exists and that there is personal jurisdiction, but denies that Acushnet is entitled to any relief.

6. Callaway Golf admits that venue is proper in this Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity and Noninfringement)

7. Callaway Golf repeats its responses to paragraphs 1 through 6, and it incorporates them by reference here.

8. Callaway Golf admits that it owns U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; and 6,949,032, that it filed a complaint alleging infringement of these patents, and that an actual controversy exists between Callaway Golf and Acushnet. Callaway Golf denies that Acushnet is entitled to any relief.

9. Callaway Golf denies all the allegations of paragraph 9.

10. Callaway Golf denies all the allegations of paragraph 10.

## SECOND COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,960,142)

11. Callaway Golf repeats its responses to paragraphs 1 through 10, and it incorporates them by reference here.

12. Callaway Golf admits that U.S. Patent No. 6,960,142 ("the '142 patent") is entitled "Golf Club Head With A High Coefficient of Restitution," that "Acushnet Company" is listed as the assignee on the face of patent, that Laurent C. Bissonnette, et. al. are listed as the inventors on the face of the patent, and that the United States Patent and Trademark Office issued the '142 patent on November 1, 2005. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 12.

13. Callaway Golf denies that it is infringing or has infringed any valid claim of the '142 patent. Callaway Golf denies any remaining allegations of paragraph 13.

14. Callaway Golf admits that at some point it became aware of the '142 patent, but denies that it has ever infringed any valid claim of the '142 patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 14.

15. Callaway Golf denies the allegations of paragraph 15.

### THIRD COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,041,003)

16. Callaway Golf repeats its responses to paragraphs 1 through 15, and it incorporates them by reference here.

17. Callaway Golf admits that Acushnet U.S. Patent No. 7,041,003 ("the '003 patent") is entitled "Golf Club Head With Variable Flexural Stiffness For Controlled Ball Flight and Trajectory," that "Acushnet Company" is listed as the assignee on the face of patent, that Laurent C. Bissonnette, et al. are listed as the inventors on the face of the patent, and that the United States Patent and Trademark Office issued the '003 patent on May 9, 2006. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 17.

18. Callaway Golf denies that it is infringing or has ever infringed any valid claim of the '003 patent. Callaway Golf denies any remaining allegations of paragraph 18.

19. Callaway Golf admits that at some point it became aware of the '003 patent, but denies that it has ever infringed any valid claim of that patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 19.

20. Callaway Golf denies the allegations of paragraph 20.

## FOURTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,140,975)

21. Callaway Golf repeats its responses to paragraphs 1 through 20, and it incorporates them by reference here.

22. Callaway Golf admits that U.S. Patent No. 7,140,975 ("the '975 patent") is entitled "Golf Club Head With Variable Flexural Stiffness For Controlled Ball Flight and Trajectory," that "Acushnet Company" is listed as the assignee on the face of patent, and that Laurent Bissonnette, et. al. are listed as the inventors on the face of the patent. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 22.

23. Callaway Golf denies that it is infringing or has ever infringed any valid claim of the '975 patent. Callaway Golf denies any remaining allegations of paragraph 23.

24. Callaway Golf admits that at some point it became aware of the '975 patent, but denies that it has ever infringed any valid claim of that patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 24.

25. Callaway Golf denies the allegations of paragraph 25.

## DEFENSES

Callaway Golf asserts the following defenses:

26. Acushnet has failed to state a claim upon which relief may be granted.

27. Callaway Golf is not infringing and has never infringed any valid claim of the '142, '003, or '975 patents, either literally or under the doctrine of equivalents.

28. Each of the claims of the '142, '003, and '975 patents is invalid for failing to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112 of that title.

## COUNTERCLAIM IN REPLY

For its Counterclaim in Reply, Callaway Golf alleges:

## PARTIES

1. Callaway Golf Company is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Carlsbad, California.

2. Acushnet Company, upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Fairhaven, Massachusetts.

3. Acushnet, upon information and belief, is a wholly-owned operating company of Fortune Brands, Inc.

4. Fortune Brands, upon information and belief, is a publicly-traded corporation, organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

5. Callaway counterclaims for a declaratory judgment that U.S. Patent Nos. 6,960,142; 7,041,003; and 7,140,975 (collectively, "Acushnet's Asserted Patents") are invalid, unenforceable, and/or not infringed by any act of Callaway. Callaway's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Laws, 35 U.S.C. § 1 et seq.

6. This Court has subject matter jurisdiction over Callaway's counterclaims in reply pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Based on the foregoing allegations, and by virtue of Acushnet's second amended answer and counterclaim for patent infringement of the '142, '003, and '975 patents, a justiciable controversy exists with respect to Acushnet's Asserted Patents and this court has personal jurisdiction over Acushnet.

8. Venue is proper in this Court for Callaway's counterclaims in reply pursuant to 28 U.S.C. §§ 1391 and 1400, and by virtue of Acushnet's filing its counterclaims for patent infringement in this Court.

**FIRST COUNTERCLAIM IN REPLY**
**(Declaratory Judgment of Invalidity and Noninfringement of the '142 Patent)**

9. Callaway repeats the allegations set forth in paragraphs 1 through 8 above, and incorporates them by reference here.

10. Acushnet alleges to be the owner by assignment of the '142 patent. Acushnet has filed a counterclaim alleging that Callaway has infringed and continues to infringe the '142 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway and Acushnet as to the infringement and validity of the '142 patent.

11. Callaway Golf has not infringed and is not infringing any valid claim of the '142 patent.

12. Each of the claims of the '142 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

**SECOND COUNTERCLAIM IN REPLY**
**(Declaratory Judgment of Invalidity and Noninfringement of the '003 Patent)**

13. Callaway Golf repeats the allegations set forth in paragraphs 1 through 12 above, and incorporates them by reference here.

14. Acushnet alleges to be the owner by assignment of the '003 patent. Acushnet has filed a counterclaim alleging that Callaway Golf has infringed and continues to infringe the '003 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway Golf and Acushnet as to the infringement and validity of the '003 patent.

15. Callaway Golf has not infringed and is not infringing any valid claim of the '003 patent.

16. Each of the claims of the '003 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and 112.

## THIRD COUNTERCLAIM IN REPLY
### (Declaratory Judgment of Invalidity and Noninfringement of the '975 Patent)

17. Callaway Golf repeats the allegations set forth in paragraphs 1 through 16 above, and incorporates them by reference here.

18. Acushnet alleges to be the owner by assignment of the '975 patent. Acushnet has filed a counterclaim alleging that Callaway Golf has infringed and continues to infringe the '975 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway Golf and Acushnet as to the infringement and validity of the '975 patent.

19. Callaway Golf has not infringed and is not infringing any valid claim of the '975 patent.

20. Each of the claims of the '975 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and 112.

WHEREFORE, Callaway Golf prays for judgment and relief as follows:

A. That the Court enter an Order declaring that Callaway Golf does not infringe and has not infringed any valid claim of the '142,'003, or '975 patents;

B. That the Court enter an Order declaring that each and every claim of the '142, '003, and '975 patents is invalid;

C. That Acushnet's counterclaims for patent infringement of the '142, '003, and '975 patents and for declaratory judgment of invalidity and non-infringement be dismissed with prejudice and that Acushnet take nothing by way of those counterclaims;

D. That the Court enter judgment that Acushnet is not entitled to any of the relief sought in its Answer and Counterclaims.

E. That the Court enter judgment in favor of Callaway Golf and against Acushnet on all claims.

F. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award Callaway Golf its attorney fees, costs, and prejudgment interest;

G.  That this Court grant Callaway Golf any and all other relief that it deems just and proper.

# JURY DEMAND

Callaway Golf demands a trial by jury on all issues so triable.

Dated: May 6, 2008    FISH & RICHARDSON P.C.

By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA  02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

Michael J. Kane
William R. Woodford
60 South Sixth Street, Suite 3300
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

John E. Gartman
Jennifer K. Bush
Craig E. Countryman
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

**ATTORNEYS FOR PLAINTIFF
CALLAWAY GOLF COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I electronically filed with the Clerk of Court **CALLAWAY GOLF COMPANY'S REPLY TO ACUSHNET COMPANY'S SECOND AMENDED COUNTERCLAIMS AND COUNTERCLAIMS IN REPLY** using CM/ECF which will send electronic notification of such filing to the following. In addition, the document was caused to be served on the attorneys of record, at the following addresses in the matter indicated. In addition, the document was caused to be served on the following counsel via e-mail.

**BY EMAIL**

| | |
|---|---|
| Richard L. Horwitz<br>  rhorwitz@potteranderson.com<br>David E. Moore<br>  dmoore@potteranderson.com<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000 | Attorneys for Defendant<br>ACUSHNET COMPANY |

**BY EMAIL**

| | |
|---|---|
| Joshua C. Krumholz<br>Thomas M. Johnston<br>Holland & Knight LLP<br>10 St. James Avenue, 11th Floor<br>Boston, MA  02116<br>Telephone: (617) 573-5820<br><br>Joshua C. Krumholz<br>  joshua.krumholz@hklaw.com<br>Thomas M. Johnston<br>  thomas.johnston@hklaw.com | Attorneys for Defendant<br>ACUSHNET COMPANY |

  */s/ Thomas L. Halkowski*
      Thomas L. Halkowski