IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-367-SLR |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ACUSHNET COMPANY'S REPLY TO PLAINTIFF'S
SECOND AMENDED COUNTERCLAIMS IN REPLY**

For its Reply to the Second Amended Counterclaims in Reply by Callaway Golf Co. ("Callaway"), Acushnet Golf Company ("Acushnet") responds and alleges as follows:

**PARTIES**

1.   Acushnet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.   Acushnet admits the allegations set forth in paragraph 2.

3.   Acushnet admits the allegations set forth in paragraph 3.

4.   Acushnet admits the allegations set forth in paragraph 4.

**JURISDICTION AND VENUE**

5.   Acushnet admits that Callaway has filed counterclaims which purport to arise under the Declaratory Judgment Act and the United States Patent Laws, but otherwise denies the remainder of the allegations of paragraph 5.

6.   Acushnet admits that jurisdiction for patent infringement actions is based on 28 U.S.C. §§ 1331 and 1338, but otherwise denies the remainder of the allegations of paragraph 6.

7.   Acushnet admits that it filed counterclaims for patent infringement of the '142, '003, and '975 patents, but otherwise denies the remainder of the allegations of paragraph 7.

8. Acushnet admits that it filed counterclaims for patent infringement of the '142, '003, and '975 patents, and admits that venue for patent infringement is based upon 28 U.S.C. § 1400, but otherwise denies the remainder of the allegations of paragraph 8.

### FIRST COUNTERCLAIM IN REPLY
**(Declaratory Judgment of Invalidity and Noninfringement of the '142 Patent)**

9. Paragraphs 1 through 8 are reiterated and herein incorporated by reference.

10. Acushnet admits that it alleges to be the owner by assignment of the '142 patent, and that it has filed a counterclaim alleging that Callaway has infringed and continues to infringe the '142 Patent, but otherwise denies the remainder of the allegations of paragraph 10.

11. Acushnet denies the allegations set forth in paragraph 11.

12. Acushnet denies the allegations set forth in paragraph 12.

### SECOND COUNTERCLAIM IN REPLY
**(Declaratory Judgment of Invalidity and Noninfringement of the '003 Patent)**

13. Paragraphs 1 through 12 are reiterated and herein incorporated by reference.

14. Acushnet admits that it alleges to be the owner by assignment of the '003 patent, and that it has filed a counterclaim alleging that Callaway has infringed and continues to infringe the '003 Patent, but otherwise denies the remainder of the allegations of paragraph 14.

15. Acushnet denies the allegations set forth in paragraph 15.

16. Acushnet denies the allegations set forth in paragraph 16.

### THIRD COUNTERCLAIM IN REPLY
**(Declaratory Judgment of Invalidity and Noninfringement of the '975 Patent)**

17. Paragraphs 1 through 16 are reiterated and herein incorporated by reference.

18. Acushnet admits that it alleges to be the owner by assignment of the '975 patent, and that it has filed a counterclaim alleging that Callaway has infringed and continues to infringe the '975 Patent, but otherwise denies the remainder of the allegations of paragraph 18.

19. Acushnet denies the allegations set forth in paragraph 19.

20. Acushnet denies the allegations set forth in paragraph 20.

WHEREFORE, Acushnet prays for judgment and relief as follows:

A. That Callaway's counterclaim for invalidity and non-infringement of the '142 patent be dismissed with prejudice and that Callaway take nothing by way of that counterclaim;

B. That Callaway's counterclaim for invalidity and non-infringement of the '003 patent be dismissed with prejudice and that Callaway take nothing by way of that counterclaim;

C. That Callaway's counterclaim for invalidity and non-infringement of the '975 patent be dismissed with prejudice and that Callaway take nothing by way of that counterclaim;

D. That the Court enter judgment in favor of Acushnet and against Callaway on all claims;

E. That the Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

F. That the Court award Acushnet their costs in this action, together with reasonable attorneys' fees and pre-judgment interest; and

G. That this Court grant Acushnet such other relief as it deems just and proper.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Joshua C. Krumholz<br>Thomas M. Johnston<br>Benjamin D. Enerson<br>HOLLAND & KNIGHT LLP<br>10 St. James Avenue 11th Floor<br>Boston, MA 02116<br>Tel: (617) 573-5820<br><br>Dated: May 20, 2008<br>865348 / 31957 | By: */s/ David E. Moore*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant Acushnet Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 20, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 20, 2008, the attached document was Electronically Mailed to the following person(s):

Thomas L. Halkowski
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
halkowski@fr.com

Frank E. Scherkenbach
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
scherkenbach@fr.com

John E. Gartman
Craig E. Countryman
Jennifer K. Bush
Nicholas V. Martini
Fish & Richardson P.C.
12290 El Camino Real
San Diego, CA 92130
gartman@fr.com
countryman@fr.com
bush@fr.com
martini@fr.com

Michael J. Kane
William R. Woodford
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
kane@fr.com
woodford@fr.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

804408 / 31957