IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CALLAWAY GOLF COMPANY,**<br><br>    Plaintiff,<br><br> v.<br><br>**ACUSHNET COMPANY,**<br><br>    Defendant. | **Civil Action No. 07-367-SLR**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT ACUSHNET COMPANY'S FIRST NOTICE OF DEPOSITION OF PLAINTIFF CALLAWAY GOLF COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Acushnet Company ("Acushnet") will take the deposition by oral examination of Callaway Golf Company ("Callaway") on June 6, 2008 at 9:00 a.m. at the offices of Shepard Mullin Richter & Hampton, LLP, 12275 El Camino Real, Suite 200, San Diego, CA 92130. The deposition will continue from day to day thereafter until completed. Testimony of the deponent(s) may be recorded by means permitted under Federal Rules of Civil Procedure, including videotaping and stenographic recording. The deposition will be taken before an officer authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Callaway is obligated to designate one or more officers, directors, or managing agents, or one or more other persons who consent to testify on their behalf, who shall have knowledge of and who are capable and competent to testify regarding the topics set forth in the attached Schedule A.

                                  POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By:   /s/ David E. Moore |
|---|---|
|  | Richard L. Horwitz (#2246) |
| Joshua C. Krumholz | David E. Moore (#3983) |
| Thomas M. Johnston | Hercules Plaza 6th Floor |
| Benjamin D. Enerson | 1313 N. Market Street |
| HOLLAND & KNIGHT LLP | P.O. Box 951 |
| 10 St. James Avenue 11th Floor | Wilmington, DE 19899 |
| Boston, MA 02116 | Tel: (302) 984-6000 |
| Tel: (617) 573-5820 | rhorwitz@potteranderson.com |
|  | dmoore@potteranderson.com |
| Dated: May 27, 2008 | *Attorneys for Defendant Acushnet Company* |

2

## CERTIFICATE OF SERVICE

I, Benjamin D. Enerson, hereby certify that on May 27, 2008, a true and correct copy of the within document was caused to be served on the attorney(s) of record at the following addresses as indicated:

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Frank E. Scherkenbach<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA  02110-2804<br>scherkenbach@fr.com<br><br>John E. Gartman<br>Craig E. Countryman<br>Jennifer K. Bush<br>Nicholas V. Martini<br>Fish & Richardson P.C.<br>12290 El Camino Real<br>San Diego, CA  92130<br>gartman@fr.com<br>countryman@fr.com<br>bush@fr.com<br>martini@fr.com | Thomas L. Halkowski<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P. O. Box 1114<br>Wilmington, DE  19899-1114<br>halkowski@fr.com<br>Michael J. Kane<br>William R. Woodford<br>Fish & Richardson P.C.<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN  55402<br>kane@fr.com<br>woodford@fr.com |

                                                        */s/ Benjamin D. Enerson*
Joshua C. Krumholz
Thomas M. Johnston
Benjamin D. Enerson
HOLLAND & KNIGHT LLP
10 St. James Avenue 11th Floor
Boston, MA  02116
Tel:  (617) 573-5820

## SCHEDULE A

### Definitions

Acushnet hereby incorporates by reference the Definitions and Instructions found in its First Set of Interrogatories to Callaway (Nos. 1-17), except that "Accused Callaway Products" also includes the Hyper X and Hyper X Tour golf clubs, and "Acushnet Patents" also includes U.S. Patent No. 7,140,975.

### Deposition Topics

1. Callaway's document retention policy from 1998 to the present, including the retention of documents requested in this case.

2. Callaway's retention of golf club heads that it has tested from 1998 to the present, including the clubs requested in this case.

3. Callaway's search for and production of electronic and paper documents and golf clubs in response to Acushnet's requests.

4. The development and introduction of thin-faced, titanium wood-type golf club heads into the marketplace in the 1990s, including Callaway's development and introduction of thin-faced titanium wood-type golf clubs through 2000.

5. Callaway's knowledge of and/or study of the construction of wood-type golf club heads prior to the issuance of the last of the Callaway Patents.

6. Callaway's knowledge of and/or study of attempts to achieve a "spring-like" effect on the face of golf club heads prior to March 14, 2000, including Callaway's knowledge of and/or study of impedance matching between golf club heads and golf balls.

7. Callaway's knowledge of and/or study of the prior art golf clubs cited by Acushnet in its supplemental invalidity contentions prior to the issuance of the last of the Callaway Patents.

8. Callaway's knowledge of and involvement in the process that led to the decision of the United States Golf Association ("USGA") to add Rule 4-1(e) to the Rules of Golf and to implement a test for "spring-like" effect, including communications between Callaway and the USGA and Callaway's knowledge of USGA testing.

9. Callaway's communications with the Royal & Ancient ("R&A") regarding the "spring-like" effect of golf club heads.

10. Callaway's testing for "spring-like" effect, including testing of the natural frequency, the coefficient of restitution ("COR") and/or contact time measurements of golf club heads, prior to the issuance of the last of the Callaway Patents.

11. Callaway and/or Dr. Kosmatka's decision and efforts to investigate the natural frequency of the face of golf club heads at any time, including Callaway's and/or Dr. Kosmatka's testing for natural frequency, Callaway's and/or Dr. Kosmatka's development of a "frequency COR" test, and the equipment available to Callaway and/or Dr. Kosmatka to test for COR and/or natural frequency.

12. Callaway's testing for "spring-like" effect, including non-privileged testing of the natural frequency, the COR and/or contact time measurements of the Accused Callaway Products and Accused Acushnet Products.

13. Callaway's relationship with Dr. Kosmatka, including Callaway's decision to hire Dr. Kosmatka as a consultant, Callaway's consulting agreements with Dr. Kosmatka, and Callaway's decision to endow a chair at the University of California, San Diego.

14. The prosecution of the applications that issued as the Callaway Patents and any foreign counterparts.

15. The practices and procedures of Callaway's patent review committee and the review of the Callaway Patents by that committee.

16. "Project K," including the design, development and/or testing of any prototype golf club heads developed by Callaway and/or Dr. Kosmatka and the retention and location of those club heads.

17. Callaway's efforts to incorporate the alleged invention described in the Callaway Patents into its golf club heads, and Callaway clubs that embody the alleged invention.

18. Callaway's compliance with the marking provision of 35 U.S.C. 287, including its efforts to mark its golf clubs with the patent numbers of the Callaway Patents.

19. Callaway's licensing and/or enforcement of the Callaway Patents and any communications relating to such licensing and/or enforcement, including Callaway's communications with Taylor Made and its decision to license one or more of the Callaway Patents to Taylor Made.

20. Efforts made by Callaway to investigate potential infringers of any of the Callaway Patents.

21. Callaway's decision to bring this suit against Acushnet, including the individuals involved in that decision, the timing of the decision, and the non-privileged reasons why the decision was made at that time.

22. Callaway's economic condition around the time it decided to bring this suit against Acushnet.

23. Callaway's first knowledge of and first testing of the Accused Acushnet Products.

24. Any decision by Callaway to try to monetize its patent portfolio, including the individuals involved in that decision and when that decision was made.

25. Callaway's investigation of the validity and/or enforceability of the Callaway Patents prior to bringing this suit against Acushnet and prior to submitting the applications that resulted in each of the Callaway Patents.

26. Callaway's relationship with Alan Hocknell, including the decision to hire him as an employee.

27. Callaway's relationship with Alastair Cochran, including the decision to hire Dr. Cochran as a consultant and Callaway's consulting agreements with Dr. Cochran.

28. Callaway's competitive testing involving the Accused Acushnet Products.

29. Callaway's first knowledge of the Acushnet Patents, and all steps taken by Callaway after learning of the Acushnet Patents, including any review, analysis or summaries of any of the patents, any efforts to secure opinions of counsel for any of the patents and/or any efforts by Callaway to design around or to avoid infringement of the Acushnet Patents.

30. The design and development of the Accused Callaway Products, including Callaway's decision to design and develop the Accused Callaway Products.

31. Callaway's decision to use variable face thickness ("VFT") technology in its products, including Callaway's decision to use VFT in each of the Accused Callaway Products and the benefits that Callaway sought to achieve by incorporating such VFT technology.

32. Callaway's knowledge of and/or study of the VFT technology used in Acushnet's products.

33. The VFT technology used in the face of each of the Accused Callaway Products.

34. All design considerations embodied in each of the Accused Callaway Products, including but not limited to VFT technology, intended to influence the direction of the flight of the golf ball.

35. The natural frequency of the face of each of the Callaway products now offered for sale, including but not limited to the Accused Callaway Products.

36. The sales history of the Accused Callaway Products.

37. Callaway's efforts to advertise and market the Accused Callaway Products, including any efforts to market natural frequency or its benefits, and/or VFT technology or its benefits.

38. Market factors that drive the sale of the Accused Callaway Products and/or the Accused Acushnet Products.

# 5343980_v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 28, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

804408 / 31957