# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

**Thomas L. Halkowski**
(302) 778-8407

Email
halkowski@fr.com

August 19, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   *Callaway Golf Company v. Acushnet Company*
      USDC-D. Del. - C.A. No. 07-367 (SLR)

Dear Judge Robinson:

Callaway Golf respectfully submits this letter brief in response to the Court's directive during the August 5, 2008 discovery conference.

**Deposition of Callaway Golf Prosecuting Attorney**

Acushnet has raised generalized complaints about instructions not to answer issued during the deposition of Mike Catania, the attorney who prosecuted the patents-in-suit.

Acushnet has cast the issue as being just one of work product objections. Yet, with respect to most of the questions as to which the parties disagree, Callaway Golf objected on both work product and attorney-client privilege grounds and instructed Mr. Catania to provide only non-privileged and non-work product information in responding. Callaway Golf continues to believe that its objections and instructions based on attorney-client privilege were proper and should be upheld. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000) (upholding assertion of attorney-client privilege in connection with an invention record and holding that the privilege was not abrogated by defendant's allegation of inequitable conduct because the defendant failed to prove that the crime-fraud exception applied).

As for objections and instructions based solely on work product grounds, Callaway Golf has been attempting to reach an informal resolution with Acushnet and believes the parties will be able to reach such a resolution within a few days. We, therefore, respectfully request that the Court defer ruling on this issue until the end of the week, by which time we hope to be in a position to advise the Court that the issue regarding work product objections has been resolved.

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 19, 2008
Page 2

**Frequency Test Results**

Today, Callaway Golf submitted for *in camera* review the frequency test results it is withholding, along with two declarations establishing their work product status.

Callaway Golf has already produced test results for all non-privileged and non-work product frequency testing, but is properly withholding the results of frequency testing conducted as work product in anticipation of litigation. Acushnet has come nowhere near making the *prima facie* showing of fraud necessary to pierce the work product privilege. *See, e.g.*, *Allergan Inc. v. Pharmacia Corp.*, 2002 WL 1268047, at *1 (D. Del. May 17, 2002) (Robinson, J.) ("Moreover, absent a prima facie showing of fraud, an allegation of inequitable conduct, in and of itself, does not vitiate the attorney-client privilege or the protections of the attorney work product doctrine."). Inequitable conduct claims are ubiquitous in patent cases, and if all a defendant had to do in order to abrogate the attorney client and work product protections was to allege inequitable conduct, the attorney client and work product protections would be meaningless in patent cases.

**Frank Thomas As Expert**

Access to highly confidential technical information, including frequency test results and other technical information such documents would contain, should only be granted to Mr. Thomas if he agrees not to consult for other golf companies on golf club design for a reasonable period of time after the trial in this case. As the Court indicated during the discovery conference, if Mr. Thomas does not agree to such a reasonable limitation, he needs to submit to questioning by the Court and the parties on the issue of his work for other companies so that a more-informed determination can be made as to whether it is appropriate for him to see such highly confidential information. Callaway respectfully submits that Mr. Thomas' refusal to agree to a reasonable limitation regarding his future consulting work suggests that he is not an appropriate candidate for access to Callaway Golf's highly confidential documents.

Respectfully,

*/s/ Thomas L. Halkowski*

Thomas L. Halkowski

TLH/avt
cc   David E. Moore, Esq.