IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-367-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ACUSHNET COMPANY, | ) | **PUBLIC VERSION** |
| | ) | **August 28, 2008** |
| Defendant. | ) | |

**LETTER TO THE HONORABLE SUE L. ROBINSON FROM
DAVID E. MOORE, ESQUIRE DATED AUGUST 21, 2008**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Acushnet Company*

cc: Clerk of the Court (via hand delivery)
    Counsel of Record (via electronic filing

879501 / 31957



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

David E. Moore

Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

August 21, 2008
Public Version Dated: August 28, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court
　for the District of Delaware
844 King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re: **Callaway Golf Company v. Acushnet Company**
　　**C.A. No. 07-367-SLR**

Dear Judge Robinson:

　　Acushnet submits this brief letter to the Court in light of new information revealed by Callaway's declarations that were provided to Acushnet in redacted form ▌ Because of the fundamental inadequacy of Callaway's privilege log, ▌

The Honorable Sue L. Robinson
August 21, 2008 (Public Version Dated: August 28, 2008)
Page 2

████████████████████████████████████████
████████████████████████████████████████ *See, e.g., Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1050 (D. Del. 1985) ("[T]he communications are purely factual recitations of technical data and research experiments conducted by Carbide's employees. The fact that the documents were prepared by or forwarded to Carbide's in-house counsel does not, in itself, qualify the documents as attorney work product.").

████████████████████████████████████████ Callaway cannot be permitted to withhold such basic factual information, for example, what prior art it and the inventor were aware of prior to filing its patent applications:

> A party should not be allowed to conceal critical, non-privileged, discoverable information, which is uniquely within the knowledge of the party and which is not obtainable from any other source, simply by imparting the information to its attorney and then attempting to hide behind the work product doctrine after the party fails to remember the information.[2]

Acushnet further disputes Callaway's suggestions that Acushnet's inequitable conduct claims are somehow "speculative." While the frequency testing data at issue here is critical to Acushnet's inequitable conduct claims, it is just the tip of the iceberg. Acushnet's inequitable conduct defense is substantial. Acushnet has identified numerous instances of fraud committed by Callaway on the PTO, including but not limited to:

1.   Failing to cite to the PTO three prior art references cited in a related foreign prosecution;[3]

---

[2] *See Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 208 F.R.D. 92, 106-07 (S.D.N.Y. 2002) (permitting disclosure of underlying factual information which contained information "extremely relevant to the issue of inventorship and the knowledge held by the inventors"); *see also Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (noting that work product "does not protect facts concerning the creation of work product or facts contained within work product").

[3] *See* MPEP § 2001.06(a) ("Applicants and other individuals, as set forth in 37 CFR 1.56, have a duty to bring to the attention of the Office any material prior art or other information cited or brought to their attention in any related foreign application. The inference that such prior art

The Honorable Sue L. Robinson
August 21, 2008 (Public Version Dated: August 28, 2008)
Page 3

    2.    Failing to cite the public use and sale of Callaway's commercial embodiments in the United States when filing a continuation-in-part application;[4]



For these reasons and the reasons articulated by Acushnet at the Court's August 5th discovery conference, Acushnet requests that the Court permit Acushnet to inspect Callaway's natural frequency testing data that it submitted for *in camera* review.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM/msb/879501 / 31957

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic filing)

---

or other information is material is especially strong where it has been used in rejecting the same or similar claims in the foreign application. . . .").
  [4] *See* 37 C.F.R. § 1.56(e) ("In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.
  [5] *See, e.g. Genal Strap, Inc. v. Dar*, 2006 WL 525794, at *2 (E.D.N.Y. 2006) (citing cases where prosecuting attorney required to testify regarding materiality and intent).