IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>ACUSHNET COMPANY,<br><br>　　　　　Defendant. | C. A. No. 07-367 (SLR)<br><br>**PUBLIC VERSION** |

**CALLAWAY GOLF COMPANY'S REPLY TO ACUSHNET COMPANY'S FOURTH AMENDED COUNTERCLAIMS AND COUNTERCLAIMS IN REPLY**

Plaintiff Callaway Golf Company, by its attorneys, Fish & Richardson P.C., replies to the Fourth Amended Counterclaims of Defendant Acushnet Company. Except as expressly admitted below, Callaway Golf denies each and every allegation in Acushnet's Fourth Amended Counterclaims. Specifically, Callaway Golf replies as follows:

**PARTIES**

1. On information or belief, Callaway Golf admits the allegations of paragraph 1.

2. Callaway Golf admits the allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. Callaway Golf admits that Acushnet has filed counterclaims and that those counterclaims arise under the Declaratory Judgment Act and the United States Patent Laws. Callaway Golf denies that Acushnet is entitled to any relief.

4. Callaway Golf admits that the Court has subject matter jurisdiction over all the counterclaims pursuant to 35 U.S.C. § 1331 and 1338, but denies the remaining allegations of this paragraph.

5. Callaway Golf admits that a justiciable controversy exists and that there is personal jurisdiction, but denies that Acushnet is entitled to any relief.

6. Callaway Golf admits that venue is proper in this Court.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity and Noninfringement)

7. Callaway Golf repeats its responses to paragraphs 1 through 6, and it incorporates them by reference here.

8. Callaway Golf admits that it owns U.S. Patent Nos. 6,348,015; 6,478,692; 6,669,579; 6,685,576; and 6,949,032, that it filed a complaint alleging infringement of these patents, and that an actual controversy exists between Callaway Golf and Acushnet. Callaway Golf denies that Acushnet is entitled to any relief.

9. Callaway Golf denies all the allegations of paragraph 9.

10. Callaway Golf denies all the allegations of paragraph 10.

### SECOND COUNTERCLAIM
### (Infringement of U.S. Patent No. 6,960,142)

11. Callaway Golf repeats its responses to paragraphs 1 through 10, and it incorporates them by reference here.

12. Callaway Golf admits that U.S. Patent No. 6,960,142 ("the '142 patent") is entitled "Golf Club Head With A High Coefficient of Restitution," that "Acushnet Company" is listed as the assignee on the face of patent, that Laurent C. Bissonnette, et. al. are listed as the inventors on the face of the patent, and that the United States Patent and Trademark Office issued the '142 patent on November 1, 2005. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 12.

13. Callaway Golf denies that it is infringing or has infringed any valid claim of the '142 patent. Callaway Golf denies any remaining allegations of paragraph 13.

14. Callaway Golf admits that at some point it became aware of the '142 patent, but denies that it has ever infringed any valid claim of the '142 patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 14.

15. Callaway Golf denies the allegations of paragraph 15.

### THIRD COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,041,003)

16. Callaway Golf repeats its responses to paragraphs 1 through 15, and it incorporates them by reference here.

17. Callaway Golf admits that Acushnet U.S. Patent No. 7,041,003 ("the '003 patent") is entitled "Golf Club Head With Variable Flexural Stiffness For Controlled Ball Flight and Trajectory," that "Acushnet Company" is listed as the assignee on the face of patent, that Laurent C. Bissonnette, et al. are listed as the inventors on the face of the patent, and that the United States Patent and Trademark Office issued the '003 patent on May 9, 2006. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 17.

18. Callaway Golf denies that it is infringing or has ever infringed any valid claim of the '003 patent. Callaway Golf denies any remaining allegations of paragraph 18.

19. Callaway Golf admits that at some point it became aware of the '003 patent, but denies that it has ever infringed any valid claim of that patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 19.

20. Callaway Golf denies the allegations of paragraph 20.

## FOURTH COUNTERCLAIM
### (Infringement of U.S. Patent No. 7,140,975)

21. Callaway Golf repeats its responses to paragraphs 1 through 20, and it incorporates them by reference here.

22. Callaway Golf admits that U.S. Patent No. 7,140,975 ("the '975 patent") is entitled "Golf Club Head With Variable Flexural Stiffness For Controlled Ball Flight and Trajectory," that "Acushnet Company" is listed as the assignee on the face of patent, and that Laurent Bissonnette, et. al. are listed as the inventors on the face of the patent. Callaway Golf is without sufficient information to admit or deny the remaining allegations of paragraph 22.

23. Callaway Golf denies that it is infringing or has ever infringed any valid claim of the '975 patent. Callaway Golf denies any remaining allegations of paragraph 23.

24. Callaway Golf admits that at some point it became aware of the '975 patent, but denies that it has ever infringed any valid claim of that patent, and denies that it has ever willfully infringed the patent. Callaway Golf denies any remaining allegations of paragraph 24.

25. Callaway Golf denies the allegations of paragraph 25.

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability)

**Alleged Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon material false statement to the PTO**

26. Callaway Golf repeats its responses to paragraphs 1 through 25, and incorporates them by reference here.

27. Callaway Golf admits that the specification of the '015 patent includes the phrase "striking plate flexibility levels greater than found in any current club-head." Callaway Golf denies any remaining allegations of paragraph 27.

28. Callaway Golf denies the allegations of paragraph 28.

29. Callaway Golf denies the allegations of paragraph 29.

30. Callaway Golf denies the allegations of paragraph 30.

31. ██████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████) Callaway Golf denies any remaining allegations of paragraph 31.

32.  Callaway Golf denies the allegations of paragraph 32.

33.  Callaway Golf denies the allegations of paragraph 33.

**Alleged Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon false material statement to the PTO and failure to cite material prior art**

34.  Callaway Golf repeats its responses to paragraphs 1 through 33, and incorporates them by reference here.

35.  Callaway Golf denies the allegations of paragraph 35.

36.  Callaway Golf admits that the specifications of the '015 patent states, "It is known through experimental testing, that currently available driver golf club heads have striking-face natural frequencies greater than 4500 Hz." Callaway Golf denies any remaining allegations of paragraph 36.

37.  Callaway Golf admits the allegations of paragraph 37.

38.  Callaway Golf denies the allegations of paragraph 38.

39.  Callaway Golf denies the allegations of paragraph 39.

40.  Callaway Golf admits that Ping ISI drivers were offered for sale or in public use prior to March 14, 2000. Callaway Golf denies any remaining allegations of paragraph 40.

41. ██████████████████████████████████████████████
████████████████████████) Callaway Golf denies any remaining allegations of paragraph 41.

42.  Callaway Golf denies the allegations of paragraph 42.

43.  Callaway Golf denies the allegations of paragraph 43.

44.  Callaway Golf denies the allegations of paragraph 44.

45.  Callaway Golf denies the allegations of paragraph 45.

46. Callaway Golf denies the allegations of paragraph 46.

47. Callaway Golf denies the allegations of paragraph 47.

48. Callaway Golf denies the allegations of paragraph 48.

49. Callaway Golf denies the allegations of paragraph 49.

50. Callaway Golf denies the allegations of paragraph 50.

**Alleged Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon failure to cite material prior art from a related foreign application**

51. Callaway Golf repeats its responses to paragraphs 1 through 50, and incorporates them by reference here.

52. Callaway Golf denies the allegations of paragraph 52.

53. ████████████████████████████████████████████████████████████ Callaway Golf denies any remaining allegations of paragraph 53.

54. Callaway Golf denies the allegations of paragraph 54.

55. Callaway Golf denies the allegations of paragraph 55.

56. Callaway Golf denies the allegations of paragraph 56.

57. Callaway Golf denies the allegations of paragraph 57.

58. Callaway Golf denies the allegations of paragraph 58.

59. Callaway Golf denies the allegations of paragraph 59.

60. Callaway Golf denies the allegations of paragraph 60.

61. Callaway Golf denies the allegations of paragraph 61.

**Alleged Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon failure to cite material prior art when filing a CIP application**

62. Callaway Golf repeats its responses to paragraphs 1 through 61, and incorporates them by reference here.

63. Callaway Golf denies the allegations of paragraph 63.

64.  Callaway Golf admits that on February 15, 2002, Callaway filed the application that ultimately issued as the '692 patent, and that the '692 patent was a continuation-in-part application because it added one paragraph at column 12, lines 34-54. Callaway Golf denies the remaining allegations of paragraph 64.

65.  Callaway Golf denies the allegations of paragraph 65.

66.  Callaway Golf denies the allegations of paragraph 66.

67.  Callaway Golf denies the allegations of paragraph 67.

68.  Callaway Golf denies the allegations of paragraph 68.

69.  ████████████████████████████████████████████████ Callaway Golf denies any remaining allegations of paragraph 69.

70.  Callaway Golf denies the allegations of paragraph 70.

71.  Callaway Golf denies the allegations of paragraph 71.

72.  Callaway Golf denies the allegations of paragraph 72.

73.  Callaway Golf denies the allegations of paragraph 73.

**Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon failure to cite material information**

74.  Callaway Golf repeats its responses to paragraphs 1 through 73, and incorporates them by reference here.

75.  Callaway Golf denies the allegations of paragraph 75.

76.  Callaway Golf admits that the specification of the '015 patent described the Liquid Metal club as having a fundamental striking plate natural frequency of 5850 Hz. Callaway Golf denies any remaining allegations of paragraph 76.

77.  Callaway Golf denies the allegations of paragraph 77.

78.  Callaway Golf denies the allegations of paragraph 78.

79.  Callaway Golf denies the allegations of paragraph 79.

80.  Callaway Golf denies the allegations of paragraph 80.

### Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon failure to cite material prior art

81.  Callaway Golf repeats its responses to paragraphs 1 through 80, and incorporates them by reference here.

82.  Callaway Golf denies the allegations of paragraph 82.

83.  ████████████████████████████████████████████████████████) Callaway Golf denies any remaining allegations of paragraph 83.

84.  Callaway Golf denies the allegations of paragraph 84.

85.  Callaway Golf admits that an article entitled "Golf Ball Rebound Enhancement," appears in Science and Golf III: Proceedings of the 1998 World Scientific Congress of Golf, Callaway Golf denies any remaining allegations of paragraph 85.

86.  Callaway Golf denies the allegations of paragraph 86.

87.  Callaway Golf denies the allegations of paragraph 87.

88.  Callaway Golf denies the allegations of paragraph 88.

89.  Callaway Golf denies the allegations of paragraph 89.

90.  Callaway Golf denies the allegations of paragraph 90.

91.  Callaway Golf denies the allegations of paragraph 91.

92.  Callaway Golf denies the allegations of paragraph 92.

### Unenforceability of the Callaway patents-in-suit due to inequitable conduct based upon failure to cite relevant prior art

93.  Callaway Golf repeats its responses to paragraphs 1 through 92, and incorporates them by reference here.

94.  Callaway Golf denies the allegations of paragraph 94.

95.  Callaway Golf denies the allegations of paragraph 95.

96.  Callaway Golf admits that the Blevins and Roark references, "Formulas for Natural Frequency and Mode Shape" and "Roark's Formulas for Stress and Strain," were

publicly available before March 14, 1999. Callaway Golf denies any remaining allegations of paragraph 96.

      97.    Callaway Golf denies the allegations of paragraph 97.

      98.    Callaway Golf denies the allegations of paragraph 98.

      99.    Callaway Golf denies the allegations of paragraph 99.

## DEFENSES

Callaway Golf asserts the following defenses:

      100.    Acushnet has failed to state a claim upon which relief may be granted.

      101.    Callaway Golf is not infringing and has never infringed any valid claim of the '142, '003, or '975 patents, either literally or under the doctrine of equivalents.

      102.    Each of the claims of the '142, '003, and '975 patents is invalid for failing to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112 of that title.

## COUNTERCLAIM IN REPLY

For its Counterclaim in Reply, Callaway Golf alleges:

### PARTIES

1. Callaway Golf Company is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Carlsbad, California.

2. Acushnet Company, upon information and belief, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Fairhaven, Massachusetts.

3. Acushnet, upon information and belief, is a wholly-owned operating company of Fortune Brands, Inc.

4. Fortune Brands, upon information and belief, is a publicly-traded corporation, organized and existing under the laws of the State of Delaware.

### JURISDICTION AND VENUE

5. Callaway counterclaims for a declaratory judgment that U.S. Patent Nos. 6,960,142; 7,041,003; and 7,140,975 (collectively, "Acushnet's Asserted Patents") are invalid, unenforceable, and/or not infringed by any act of Callaway. Callaway's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Laws, 35 U.S.C. § 1 et seq.

6. This Court has subject matter jurisdiction over Callaway's counterclaims in reply pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Based on the foregoing allegations, and by virtue of Acushnet's second amended answer and counterclaim for patent infringement of the '142, '003, and '975 patents, a justiciable controversy exists with respect to Acushnet's Asserted Patents and this court has personal jurisdiction over Acushnet.

8. Venue is proper in this Court for Callaway's counterclaims in reply pursuant to 28 U.S.C. §§ 1391 and 1400, and by virtue of Acushnet's filing its counterclaims for patent infringement in this Court.

**FIRST COUNTERCLAIM IN REPLY**
(Declaratory Judgment of Invalidity and Noninfringement of the '142 Patent)

9. Callaway repeats the allegations set forth in paragraphs 1 through 8 above, and incorporates them by reference here.

10. Acushnet alleges to be the owner by assignment of the '142 patent. Acushnet has filed a counterclaim alleging that Callaway has infringed and continues to infringe the '142 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway and Acushnet as to the infringement and validity of the '142 patent.

11. Callaway Golf has not infringed and is not infringing any valid claim of the '142 patent.

12. Each of the claims of the '142 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and/or 112.

**SECOND COUNTERCLAIM IN REPLY**
(Declaratory Judgment of Invalidity and Noninfringement of the '003 Patent)

13. Callaway Golf repeats the allegations set forth in paragraphs 1 through 12 above, and incorporates them by reference here.

14. Acushnet alleges to be the owner by assignment of the '003 patent. Acushnet has filed a counterclaim alleging that Callaway Golf has infringed and continues to infringe the '003 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway Golf and Acushnet as to the infringement and validity of the '003 patent.

15. Callaway Golf has not infringed and is not infringing any valid claim of the '003 patent.

16. Each of the claims of the '003 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and 112.

## THIRD COUNTERCLAIM IN REPLY
### (Declaratory Judgment of Invalidity and Noninfringement of the '975 Patent)

17. Callaway Golf repeats the allegations set forth in paragraphs 1 through 16 above, and incorporates them by reference here.

18. Acushnet alleges to be the owner by assignment of the '975 patent. Acushnet has filed a counterclaim alleging that Callaway Golf has infringed and continues to infringe the '975 Patent. Accordingly, a substantial and continuing justiciable controversy exists between Callaway Golf and Acushnet as to the infringement and validity of the '975 patent.

19. Callaway Golf has not infringed and is not infringing any valid claim of the '975 patent.

20. Each of the claims of the '975 patent is invalid due to a failure to comply with the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including, but not limited to §§ 101, 102, 103, and 112.

WHEREFORE, Callaway Golf prays for judgment and relief as follows:

A. That the Court enter an Order declaring that Callaway Golf does not infringe and has not infringed any valid claim of the '142,'003, or '975 patents;

B. That the Court enter an Order declaring that each and every claim of the '142, '003, and '975 patents is invalid and/or unenforceable;

C. That Acushnet's counterclaims for patent infringement of the '142, '003, and '975 patents be dismissed with prejudice and that Acushnet take nothing by way of those counterclaims;

D. That Acushnet's counterclaim for declaratory judgment that the Asserted Patents are invalid and not infringed be dismissed with prejudice and that Acushnet take nothing by way of that counterclaim;

E. That Acushnet's counterclaim for declaratory judgment that Callaway's patents are unenforceable be dismissed with prejudice and that Acushnet take nothing by way of that counterclaim;

F. That the Court enter an order that Callaway Golf's Asserted Patents are valid, enforceable, and have been and are continuing to be infringed by Acushnet;

G. That the Court enter an order that the Callaway patents, as set forth in Acushnet's counterclaims, are enforceable;

H. That the Court enter judgment that Acushnet is not entitled to any of the relief sought in its Answer and Counterclaims.

I. That the Court enter judgment in favor of Callaway Golf and against Acushnet on all claims.

J. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285 and award Callaway Golf its attorney fees, costs, and prejudgment interest;

K. That this Court grant Callaway Golf any and all other relief that it deems just and proper.

## JURY DEMAND

Callaway Golf demands a trial by jury on all issues so triable.

Dated: August 22, 2008                FISH & RICHARDSON P.C.


                                      By: /s/ *Thomas L. Halkowski*
                                          Thomas L. Halkowski (#4099)
                                          Fish & Richardson P.C.
                                          919 N. Market Street, Suite 1100
                                          P.O. Box 1114
                                          Wilmington, DE 19899-1114
                                          Telephone: (302) 652-5070
                                          Facsimile: (302) 652-0607

                                          Frank E. Scherkenbach
                                          225 Franklin Street
                                          Boston, MA 02110-2804
                                          Telephone: (617) 542-5070
                                          Facsimile: (617) 542-8906

                                          Michael J. Kane
                                          William R. Woodford
                                          60 South Sixth Street, Suite 3300
                                          Minneapolis, MN 55402
                                          Telephone: (612) 335-5070
                                          Facsimile: (612) 288-9696

                                          John E. Gartman
                                          Jennifer K. Bush
                                          Nicholas V. Martini
                                          Craig E. Countryman
                                          12390 El Camino Real
                                          San Diego, CA 92130
                                          Telephone: (858) 678-5070
                                          Facsimile: (858) 678-5099

                                          **ATTORNEYS FOR PLAINTIFF
                                          CALLAWAY GOLF COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008 I electronically filed with the Clerk of Court **CALLAWAY GOLF COMPANY'S REPLY TO ACUSHNET COMPANY'S FOURTH AMENDED COUNTERCLAIMS AND COUNTERCLAIMS IN REPLY** using CM/ECF which will send electronic notification of such filing to the following. In addition, the document was caused to be served on the attorneys of record, at the following addresses in the matter indicated. In addition, the document was caused to be served on the following counsel via e-mail.

**BY EMAIL**

| | |
|---|---|
| Richard L. Horwitz<br>  rhorwitz@potteranderson.com<br>David E. Moore<br>  dmoore@potteranderson.com<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000 | Attorneys for Defendant<br>ACUSHNET COMPANY |

**BY EMAIL**

| | |
|---|---|
| Joshua C. Krumholz<br>Thomas M. Johnston<br>Benjamin D. Enerson<br>Holland & Knight LLP<br>10 St. James Avenue, 11th Floor<br>Boston, MA 02116<br>Telephone: (617) 573-5820<br><br>Joshua C. Krumholz<br>  joshua.krumholz@hklaw.com<br>Thomas M. Johnston<br>  thomas.johnston@hklaw.com<br>Benjamin D. Enerson<br>  benjamin.enerson@hklaw.com | Attorneys for Defendant<br>ACUSHNET COMPANY |

/s/ Thomas L. Halkowski
Thomas L. Halkowski