IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>        Defendant. | C. A. No. 07-367 (SLR)<br><br>**PUBLIC VERSION** |

### LETTER TO THE HONORABLE SUE L. ROBINSON FROM
### THOMAS L. HALKOWSKI DATED AUGUST 22, 2008

**FISH & RICHARDSON P.C.**
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070

Michael J. Kane
William R. Woodford
Joshua H. Bleet
60 South Sixth Street, Suite 3300
Minneapolis, MN 55402
Telephone: (612) 335-5070

John E. Gartman
Jennifer K. Bush
Nicholas V. Martini
Craig E. Countryman
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

*Attorneys for Plaintiff*
*Callaway Golf Company*

DATED: August 22, 2008
PUBLIC VERSION FILED: August 28, 2008

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Thomas L. Halkowski
(302) 778-8407

Email
halkowski@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

August 22, 2008

**VIA ELECTRONIC FILING**

**HIGHLY CONFIDENTIAL – FILED UNDER SEAL**
**OUTSIDE ATTORNEYS' EYES ONLY**

The Honorable Sue L. Robinson
United States District Court
   for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   Callaway Golf Company v. Acushnet Company
      USDC-D. Del. - C.A. No. 07-367 (SLR)

Dear Judge Robinson:

Callaway Golf respectfully submits this letter brief to: (1) update the Court on the status regarding the prosecution-related work product objections issued during the deposition of Mr. Catania; and (2) briefly respond to Acushnet's recent submission regarding Callaway Golf's *in camera* materials.

Objections During the Deposition of Mr. Catania

As discussed in Callaway Golf's letter of August 19, 2008, Callaway Golf stands by its objections and instructions regarding attorney-client privilege. Indeed, Acushnet has not challenged Callaway Golf's assertion of the attorney-client privilege. Accordingly, Callaway Golf maintains the attorney-client privilege objections made during the deposition. As for work product objections, ████████████████████████████████████████ Callaway Golf respectfully withdraws its work product objections issued in response to the questions identified at 102:2-104:24; 131:17-132:10; 35:17-36:4; 122:13-21; 199:11-18; 125:3-24; 199:19-200:2; 201:5-15; and 159:11-24 of the transcript of Mr. Catania's deposition. Callaway Golf will make Mr. Catania available to be re-deposed on the questions at these line numbers, with reasonable follow-up. Of course, Callaway Golf reserves the right to lodge any appropriate objection, including objections based on the attorney client privilege, during Mr. Catania's deposition. Callaway Golf's withdrawal of its work product objections regarding the above specific questions is not a waiver regarding any of Callaway Golf's previously asserted objections, including: (i) objections regarding attorney-client privilege, and (ii) objections asserted with respect to work done in anticipation of litigation, ████████████████████████████████████████

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 22, 2008
Page 2



      While Callaway Golf is reluctant to burden the Court with a further submission on this topic, Acushnet's treatment of the factual record and case law in its letter of August 21, 2008 warrants a brief response.

      We start with the facts.

      We move to the law. Acushnet is incorrect to argue that technical data and test results do not constitute work product. Perhaps the best evidence that they are work product when done in anticipation of litigation is that Acushnet is itself withholding natural frequency test results as work product. That aside, the cases make clear that testing initiated by counsel in anticipation of litigation is protected attorney work product. *Phillips Elecs. N. Am. Corp. v. Universal Elecs., Inc.*, 892 F.Supp.108, 110 (D. Del. 1995) (refusing to compel disclosure of "patent infringement investigations, tests or analyses performed by plaintiff's employees for its in-house counsel" because the information was protected by work product

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
August 22, 2008
Page 3

immunity); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 648 (N.D. Ill. 1994) ("The selection of the tests and test data would surely reflect the attorney's strategy in defending the patent claim and thus the work product privilege clearly applies.") Mr. McCracken's declaration leaves no doubt that the testing here was both initiated by attorneys and that Callaway Golf anticipated litigation throughout the entire period in which testing occurred. (McCracken Decl., ¶¶ 4, 7.) Acushnet's reliance on *Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1050 (D. Del. 1985) is misplaced because that case involved data that was neither prepared in anticipation of litigation nor at the direction of counsel; it was instead prepared independently and later merely forwarded to counsel.

The work product protection applies, and Acushnet has made no showing of the "substantial need" necessary to pierce it. Tellingly, Acushnet does not cite a single case addressing the substantial need exception, probably because it realizes it cannot make the "*prima facie* showing of fraud" necessary to invoke it. *Allergan, Inc. v. Pharmacia Corp.*, 2002 WL 1268047, at *1 (D. Del) (Robinson, J.). Instead, Acushnet cites *Astra Aktiebolag v. Andrx Pharms., Inc.*, 208 F.R.D. 92, 107 (S.D.N.Y. 2002), which ordered production of the *non-privileged* parts of a letter where "the court was able to remove all material contained within the letter that could be viewed as either privileged or protected by work product doctrine. Likewise, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995), which holds that the facts surrounding creation of work product are discoverable, does not support Acushnet's request to inspect Callaway Golf's work product itself.

Acushnet's last argument appears to be that this case is unique because it has made several different allegations of inequitable conduct. While this submission is hardly the place to address Acushnet's charges in detail, it is worth noting that none of them is "substantial." It is inappropriate for Acushnet to pass off statements from its pleadings as fact and suggest Callaway Golf's good faith assertions of privilege and work product are evidence it is "hiding" something. Including a laundry list of its other allegations at the end of its letter does nothing to bring Acushnet closer to the *prima facie* showing of fraud necessary to pierce work product. It just reinforces why a *prima facie* showing of fraud is necessary: since inequitable conduct allegations are ubiquitous, it would be too easy to abrogate the work product protection in virtually every patent case.

Respectfully,

/s/ *Thomas L. Halkowski*

Thomas L. Halkowski

cc   David E. Moore, Esq.