IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLOWAY GOLF COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-367-SLR |
| | ) |
| ACUSHNET COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 16th day of September, 2008, the parties having submitted papers relating to various discovery disputes;

IT IS ORDERED that:

1. **Deposition of Mr. Catania.** Calloway has withdrawn its objections based on the work product doctrine and has offered to make Mr. Catania available for a follow-up deposition. The objections based on the attorney-client privilege have not been challenged.

2. **Access to confidential design documents by Frank Thomas.** Because the parties have not agreed on this issue, Acushnet must produce Mr. Thomas for a short evidentiary hearing related to whether Mr. Thomas' background as a golf club design consultant precludes his access to confidential documents. The parties shall confer with each other and with my chambers to schedule no more than two hours for this hearing. The losing party shall pay the costs of this proceeding.

3. **Frequency test results.** I have reviewed *in camera* the documents withheld from production based on the work product doctrine. I agree with Calloway that these documents were prepared at the direction of counsel in anticipation of litigation, and that the protection afforded by the work product doctrine is not limited to only that specific litigation. See *In re Ford Motor Co.*, 110 F.3d 954, 967 (3d Cir. 1997). Therefore, I will not order the production of the frequency test results at this juncture. If, however, the record as further developed demonstrates that any of the inventor(s) of the patents-in-suit had prior knowledge of the frequency test results, as alleged by Acushnet,[1] those records will be subject to production.

_____
United States District Judge

---

[1] I am not convinced that that record has been made to date.